RALPH L. KILBURN, Respondent, *v.* MATTHEW D. RITCHIE, Appellant.

Declarations of third persons are inadmissible, unless they have a joint interest with the parties, or some legal relation exists between them.

The party offering the declarations of third persons, must show their admissibility, by showing the time and circumstances, under which they were made; and unless this appears in the record, the appellate Court will presume they were properly excluded.

The appellate Court will presume in favour of the judgment below, unless the record disclose an error.

A judgment will not be reversed for an error, by which the rights of the party were not prejudiced.

Notice to quit is not necessary where the relation of landlord and tenant does not exist.

A defendant who entered under a bond for a deed from the plaintiff, cannot set-off his improvements against the damages for use and occupation.

APPEAL from the Seventh Judicial District, Nassa County.

In October, 1850, Kilburn filed his complaint against Ritchie, stating that the plaintiff was owner and in possession of a certain tract of land in Nassa county, (describing it,) on the 1st of October, 1849; that on the 1st of May, 1850, the defendant, with force and arms, entered and took possession of a portion of said lands, (describing it,) and ejected the plaintiff therefrom; and

10

other wrongs, &c.; and praying judgment for the possession of said premises, and $3000 damages.

The answer insisted that the plaintiff had never had or been entitled to the possession since 1847; that in March of that year, the plaintiff and one .Bale bound themselves to execute a quit-claim deed, conveying the premises to one Barnett, who then resided on the land, so soon as a government surveyor could be obtained to survey the premises, reserving the timber to the obligors, &c.; that Barnett was to continue in possession till the deed to him should be made; that in April, 1849, Barnett, being still in possession, conveyed his right by deed to one Kellogg; who took possession, and in April, 1850, conveyed to the defendant, by virtue of which he took possession, &c. The answer further stated, that in 1848, Barnett sued Bale and the plaintiff before the Alcalde of Sonoma, seeking to compel them to convey the land, according to their bond of March, 1847; and obtained a judgment accordingly. (It appeared, on the trial, that in the suit mentioned in the answer, an objection was made to the competency of the Alcalde, for prejudice; whereupon, by consent, the cause was tried before the second Alcalde and a jury, who found in favour of Barnett; and the second Alcalde rendered judgment that Bale and Kilburn should cause the land to be surveyed as soon as practicable, and execute a deed to Barnett, according to the bond. Bale and Kilburn appealed from the judgment to the governor. At the April Term, 1851, of this Court, upon appeal by Bale and Kilburn, the judgment of the Alcalde was reversed, and the cause was remanded to the District Court.) The answer further insisted that Bale was a necessary party. The answer alleged that a surveyor had been appointed; and prayed that the plaintiff be decreed to convey the land to the defendant.

The cause was tried by the Court, the parties waiving a jury, in July, 1851. The documents above mentioned were adduced in evidence ; and the plaintiff also gave in evidence a deed for the premises, executed by Bale to the plaintiff on the 8th of September, 1849. The defendant proved the possession of Barnett, Kellogg, and himself, as stated in the answer; and that the defendant had made improvements to the value of $2000. The defendant offered to prove declarations made by

Bale, that Barnett had complied with the bond, and was
entitled to a deed for the land; but the Court rejected the evi-
dence, as irrelevant. The Court decided, 1st. A tenant holding
over cannot dispute the title of his landlord; and as both parties
claimed under Bale, Bale's title was not in question. Barnett
was in possession under Bale; and until a deed to him from Bale,
Barnett's possession was the possession of whoever had the abso-
lute title from Bale; and that was the plaintiff. 2d. To entitle
Barnett to a deed, he must allege performance of the contract
on his part; which was not done by the answer. 3d. The defen-
dant is not within the law allowing improvements to be set-off
against damages for holding over. 4th. The measure of damages
is the value of the use and occupation of the land during the
holding over. Judgment accordingly, that the plaintiff recover
of the defendant the possession of the premises, with $800 dam-
ages, and costs. The defendant excepted, and appealed.

*R. N. Morrison,* for the appellant. 1st. There was nothing
for Barnett to pay, and his right to the land was complete.
The conveyance was merely a question of time. Instead of turn-
ing the appellant out of possession, the Court should have de-
creed the respondents to convey to him. 2d. The declarations
of Bale were improperly excluded. 17 Mass. 222; 2 McCord,
241. 457; 3 Day, 309; 14 Pick. 55; 6 Greenl. 41; 1 Ib. 172.
189; 7 Wend. 125; 2 H. Bl. 278. 283; 1 Ld. Raym. 310; 16
East, 334; 4 Johns. 230; 7 Conn. 319; 4 Serg. & R. 174. 3d.
Barnett was put in possession by Bale and Kilburn; and could
not be considered as holding over. If a tenant, he was tenant
at will, and entitled to notice to quit. 4th. The appellant was
entitled to set-off his improvements against the rents and profits.
2 Johns. Ch. 281; 6 Johns. 46; 4 Cow. 168. 5th. The appel-
lant was entitled to defeat the action by showing an equitable
title. 7 How. 846.

*Botts* and *Emmett,* for the respondent. 1st. Prior possession
is sufficient to maintain this action. 10 Johns. 338; Folsom *v.*
Root, in this Court. 2d. The appellant is estopped from dis-
puting the respondent's title. 2 Greenl. Ev. sec. 305; Hoen *v.*
Simmons, in this Court. 3d. The appellant relies on an equit-
able title in his assignor, which was conditional, and performance

not alleged.    4th. Bale's declarations were properly excluded. 1 Root, 502; 3 Wend. 397; 2 Wash. 388.    5th. Barnett's equity is *res adjudicata.*    Kilburn and Bale *v.* Barnett, in this Court. 6th. Barnett himself would not have been entitled to notice to quit: and even where the tenant is entitled to notice, he forfeits it by disputing the title of his landlord.    6 Johns. 46; 1 Stark. 308; Pract. Act, sec. 255; 1 Saund. Pl. & Ev. 465.    7th. The appellant was not entitled to set-off his improvements.    Pract. Act, sec. 257; 4 Johns. 230; 2 Kent, 334.

C. J. LYONS delivered the opinion of the Court.    The first question is, did the Court below properly refuse the evidence of Bale's declaration?    It is well settled that the declarations of third persons, not parties to the record, cannot be admitted in evidence, except in those cases where they have a joint interest with the plaintiff or defendant, or where some legal relation, such as that of partners, exists.    Wherever such declarations, which, *prima facie*, are inadmissible, are sought to be introduced, the party offering them must establish their admissibility by showing the time and circumstances under which they were made.    The declarations of Bale, if made before the transfer to Kilburn, might have been admissible; but if made afterwards, could not be used as evidence against him.    The time when these declarations were made nowhere appears in the record; and we are compelled to presume the Court below properly refused to admit them.

It was not necessary for the plaintiff to set forth any transactions relating to the bond.    He might have recovered upon proof of possession.    The issue must be determined from the pleadings in the cause; and the finding of the Court, sitting as a jury, is conclusive as to the facts.    The Court below seems to have mistaken the law, and treated the parties as if the relation of landlord and tenant existed.    This does not, however, affect the substantial rights of the defendant.    The parties could not be considered as landlord and tenant; and no notice to quit was necessary.

The Court below properly refused to allow the value of the improvements as a set-off to the damages proved.    A defendant entering into possession under a bond for a deed from the plain-

tiff, cannot be considered as holding adversely under colour of title.

Judgment of the Court below affirmed, with costs.