THOMAS G. CLAYTON *v.* CHARLES H. WEST.

Where some errors have been committed by the Court below, that do not mate-
rially affect the merits of the case, and where, from the whole case, it appears
that justice has been done, the Court will not disturb the judgment.

THIS was an action for money had and received, and grew out
of the purchase by plaintiff from defendant, of the lease of a lot
in San Francisco. The complaint sets forth the lease, originally
made on the 16th Oct. 1849, by Jonathan Cade to A. Deon &
Co., for three years, for the sum of $40 per month, which lease
Deon assigned as a security for $1000 due to the assignees,
which assignment was cancelled by payment of the debt, by
which Deon was remitted to his former estate, and then, on the
18th December, 1849, assigned the same to Charles H. West,
the defendant. West, on the same day, assigned to William
Lenning; who, on the 21st February, 1850, assigned to Van
Wagner; who, on the 29th May, assigned to Elliott; who, on
the 30th April, assigned to Wilson. All of which assignments
to the several parties named, were regularly recorded.

The complaint further states, that at the time of the sale of
the lease to him, Elliott was the actual owner thereof, which
West, the defendant, well knew, yet fraudulently, &c., pretended
to be the owner, by selling the same to the plaintiff as his own
property, concealing from the plaintiff the fact of his previous
assignment, of which plaintiff had no actual notice. By which
fraud, &c., defendant has received $500 of plaintiff's money, and
plaintiff is accountable for ground-rent to the amount of $120,
and has sustained damage, &c.

The defendant demurred to the complaint, which was overruled;
and then answered, that the assignment from defendant to Len-
ning, was made by way of mortgage, to secure the payment of
borrowed money, which was afterwards repaid. And the lease
was then assigned by Lenning to Van Wagner, at the request of
defendant, by way of mortgage, and as security for money bor-
rowed by defendant of Wagner. That the money so borrowed
was paid to Wagner, who assigned the lease to Elliott, by way of

mortgage, and as security for money borrowed from him by defendant; and that Elliott had no other or greater estate therein. And if any other was attempted to be conveyed, &c., it was without the knowledge or consent of the defendant. The answer then denies all the other averments in the complaint, and avers further, that the defendant had power and could have transferred the lease to the plaintiff, at the time mentioned in said complaint, free from all incumbrance, upon receipt of $1000; but that no person ever made demand upon him therefor.

The parties waived a jury, and the cause was tried by the Court, who found for the plaintiff, $620, with interest on the sum of $500 from 9th of Aug., 1850, and on the sum of $120 from this date. And judgment was entered accordingly; from which defendant appealed.

A great many exceptions were taken in the course of the trial, and to the opinion of the Court below; but as the Supreme Court have not deemed any of them of sufficient importance to ask for their interference, and have not passed specifically upon either of the errors, the reporter merely adds to the respective statements of the parties the opinion of this Court.

*Brooks* and *McCracken*, for appellant.

*J. K. Irving*, for respondent.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.   We observe, by the examination of the record, that in the various decisions of the Court below, there are some errors committed, but they do not materially affect the merits of the case.   And it is therefore unnecessary to point them out.   Upon looking at the whole case, we believe that justice has been duly administered, and we will not disturb the judgment.