RABE, Appellant, v. WELLS & CO., Respondents.

The question of notice of the dissolution of a partnership, is a fact for the jury, under the charge of the court.

Error which is relied upon, must be shown clearly and affirmatively.

APPEAL from the Fourth Judicial District.

This action was brought, October 7th, 1851, against Thomas C. Wells, H. Willes, and Lucien Skinner, of Boston, as partners and bankers in San Francisco, doing business under the firm of Wells & Co., of whom the plaintiff complained that the defendants were indebted to him for money deposited in trust, payable on demand, to wit, $2278, payment of which defendants had refused, &c., after demand made, &c.; and prays for judgment, &c., and that publication issue against the non-resident parties.

The sheriff returned "served personally on defendant, Wells, in San Francisco."

An attachment also issued, and the right, title, and interest in certain property of defendants, as described in the sheriff's return, was attached.

The court ordered publication to be made in the "Alta Cali-

fornia" and "Daily Herald" for three months of the said complaint, the absence from the State of L. Skinner and H. Willes being shown.

The answer of T. G. Wells denies all the allegations of the bill.

And the answer of Willes and Skinner also denies the allegations, and specially denies that they were doing business as bankers in the city of San Francisco, under the name, &c., of Wells & Co., or in connection with said Wells at the time alleged in said complaint, and pray to be dismissed, &c.

The cause was tried by a jury.

Plaintiff proved that there was a firm in San Francisco composed of the defendants and one Hird (not sued), who began business January 1st, 1850, under the title of Wells & Co., who owed plaintiff $1091 49, who kept an account with Wells & Co. from February, 1851.

The same witness proved, on cross-examination, that T. G. Wells purchased out the interest of the other partners about the 21st March, 1851, that public notice was given in the "Alta California" of the dissolution; that Willes & Co. had not, since that, participated in the profits and losses. Plaintiff began to deposit again with Wells & Co., 10th September, 1851; he had before been a special depositor. After the May fire Wells made an assignment.

Defendants also proved notice of the dissolution of the partnership in the "Alta California" and the "Pacific News," and the delivery of the papers at the house of the plaintiff.

To refute the evidence which had been produced by defendants, Willes and Skinner, to show that they had dissolved the partnership with Wells, plaintiff introduced a witness, "to prove that said dissolution was not *bona fide*," and propounded to him the following questions: What amount of money did these partners (other than Wells) draw out of the concern in cash and its equivalent? What were the liabilities of the said house? Was there a failure in the business of the house soon after the dissolution? How long after? How stood the affairs of the house after the first failure? What sort of business did the house of Wells & Co. do after the failure? Did it make or lose money? How much? Did Wells take money out just before the last failure? How

much? When Wells bought out the other defendants, what was the character of the assets and their value, and the amount ascertained? What were the cash assets and contributions of each partner in the beginning? Did Mr. Skinner or Mr. Willes bring $50,000 into the concern, as the articles had stipulated?

The counsel of Skinner and Willes objected to each of these questions as respectively propounded; the court sustained the objections, and plaintiff's counsel excepted.

The court below charged the jury, "That if there was a dissolution of the firm of Wells & Co., and that Willes & Co. withdrew, and notice of such dissolution was published, then that the plaintiff, having had dealings with the firm prior to the dissolution, was entitled to notice.

"That the fact of the advertising, and that the plaintiff took the paper, was proper evidence to go to them, the jury, and they were to ascertain whether the plaintiff had notice. If they were satisfied that he had notice, then their verdict must be for the defendants, Willes and Skinner, and against T. G. Wells."

The jury found for plaintiff against Wells only, $2344 44, and in favor of the other defendants, and judgment was entered accordingly, from which plaintiff took this appeal.

*Cooke*, for appellant.

The court erred in refusing evidence that the dissolution was fraudulent; that they offered to prove in substance that Willes allowed the other partners to draw out very nearly all the funds, when they owed largely to depositors.

Evidence of newspaper notice of dissolution does not bring the fact home to plaintiff.

*Willes*, for respondents.

No such partnership existed in reality as that charged in the complaint. This partnership was dissolved before the indebtedness of Wells & Co. to plaintiff.

The issue did not admit of plaintiff proving fraud, and the evidence was properly excluded.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The question of notice as to the dissolution of the partnership, was properly left to the finding of the jury under the charge of the court.

In the issue presented by the pleadings, it would have been proper to introduce evidence to show that the dissolution was not bona fide, but it does not appear how the evidence which was rejected would have tended to that result.

Error which is relied on must be shown clearly and affirmatively.

Judgment affirmed.