ISAAC R. MORGAN, Respondent, v. HENRY HUGG, Appellant.

The mere fact that the plaintiff's counsel read, in his address to the jury, a portion of an answer which had been stricken out, is not error of itself.

The defendant could have asked the Court to rule out the answer as testimony, and charge the jury to disregard it.

It is not every impropriety, committed during the trial of a cause, which can be set down as error in the Supreme Court.

Errors cannot be relied on in an appellate Court, which are not taken advantage of, and raised in the Court below.

APPEAL from the Superior Court of the City of San Francisco.

*Crockett & Page,* for Appellant.
Cited no authorities.

*Brown, Pratt & Tracy,* for Respondent.

The record discloses no material error, and the judgment of the Court below should be affirmed. Rabe v. Wells, 3 Cal., 148. Kilburn v. Ritchie, 2 Ib., 145. Clayton v. West, 3 Ib., 381. 2 Cowen's Tr., 454. 8 Johns., 436. 2 Ib., 378.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

It does not appear from the record in this cause, that the reading, by plaintiff's counsel in his address to the jury, of any portion of the answer which may have been stricken out, had any tendency to prejudice defendant's cause.

The mere fact that counsel had read upon trial, a part of the answer which had been stricken out, would not of itself be error in this Court. It might frequently be necessary to read the portion of a pleading, which had been stricken out, just previous to a trial, in order to make sense of that which remained. The appellant could have asked the Court to rule it out as testimony, and charge the jury to disregard it in the cause. It is not every impropriety, committed in the trial of a cause, which can be set down as error in this Court. This Court has

repeatedly ruled, that error, which is relied on, must be shown clearly and affirmatively. Rabe v. Wells & Co., 3 Cal., 148. The same general doctrine is also held in Clayton v. West, 2 Cal., 381; and in Kilburn v. Ritchie, 2 Cal., 145. It does not appear, that any question of interest was mooted in the Court below; nor does the record raise any such question. Errors cannot be relied upon in an appellate Court, which are not taken advantage of, and raised at the trial. If there was an improper allowance of interest in the judgment, there is a remedy for this, residing in the Court below, where the question can be raised.

There is no error in the record, sufficient to entitle it to the notice of an appellate Court.

The judgment of the Court below must be affirmed, with costs.