## DODGE v. WALLEY et al.

DEEDS are always to be construed most strongly against the grantor when there is any uncertainty or ambiguity in their terms.

It is the duty of a Sheriff, under an execution, to levy upon and sell the property and all the right, title, and interest of the debtor therein ; and where a deed made by him in pursuance of such sale expressly conveys all of the debtor's right, title, and interest, the purchaser's title to the same will not be prejudiced by the fact that in attempting to describe the nature of the interest the officer through ignorance or mistake failed to set it forth fully and correctly.

In an action by a purchaser at execution sale to recover the premises from one who previous to the sale had conveyed them to the execution debtor by a warranty deed, the defendant is estopped from asserting any title and cannot avail himself, by way of defense, of any defect in the description of the property in the Sheriff's deed to the plaintiff.

A person who conveys property by warranty deed, and remains in possession, is not entitled to notice to quit or demand of possession from his grantee or those claiming under him before the commencement of an action to eject him.

A Sheriff's deed to the purchaser at an execution sale described the property as follows : "All the right, title, and interest of said Daniel S. Clark, against whom the said writs of execution were issued as aforesaid, of, in, and to the

Dodge *v.* Walley.

following described property, to wit: That certain tract and parcel of land and premises known as the 'Bull Head Rancho,' lying and being situate in Contra Costa County, of said State, *and being a leasehold unexpired,"* etc., proceeding to describe particularly a certain leasehold interest. At the time of the sale the execution debtor was, in fact, the owner in fee of the premises : *held,* that the fee passed to the purchaser—the recital concerning the leasehold interest not operating as a limitation of the preceding general terms of description.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

*M. S. Chase,* for Appellant.

I.   The return and indorsements of the officer upon the writ of execution are presumptively true, and they show that only a leasehold interest was sold. (*Cloud* v. *El Dorado Co.,* 12 Cal. 133.)

II.   From the deed it appears that the officer actually sold only the leasehold interest, and intended to convey that and no more, and this being so, the general words in the deed descriptive of a different and larger estate should be rejected as surplusage. (*Jackson ex dem.* v. *Jones,* 9 Cow. 182.)

III.   Walley having, after his conveyance to Clark, remained in possession with Clark's consent, was a tenant at will and entitled to demand and notice to quit before the commencement of this action to eject him.

*Thomas A. Brown,* for Respondent.

I.   Walley by warranty deed conveyed the premises in controversy to the defendant, Clark, for a valuable consideration, and now refuses to deliver up the possession, and claims the premises in opposition to his own warranty deed.   If this suit had been brought by Clark against Walley he could make no defense whatever, his deed would estop him.   (1 Green. Ev. Secs. 22, 24 ; *Jackson* v. *Bull,* 1 Johns. Cases, 90, 91 ; *Tarter* v. *Hall,* 3 Cal. 266.)

Nor is the appellant in any better position as the case stands, the plaintiff claiming under a conveyance from Clark.   Clark had the right to dispose of the title or possession of the premises at any time after the conveyance to him by Walley, and Walley could not be permitted to question that right.

II.   Nor is he entitled to notice to quit before suit brought.

Notice to quit is not necessary when the relation of landlord and tenant does not exist.   (*Kibbam* v. *Ritchie*, 2 Cal. 148.)

The relationship of landlord and tenant does not exist between vendor and vendee so as to ·entitle the vendor to notice to quit, and even if the relationship had existed between Clark and Walley, such relationship was destroyed by the sale of the premises by the Sheriff to Terry and Perley.   (*Jackson ex dem. Bowen* v. *Burton*, 1 Wend. 344.)

Again, the defendant, Walley, having in his answer in this case denied the plaintiff's title, and set up an adverse title in himself, he cannot be permitted to deny the plaintiff's title and at the same time claim the benefit of notice to quit before suit brought as if he were holding in subordination to it.   (*Smith* v. *Ogg Shaw*, 16 Cal. 90.)

III.   The rule is well settled that the title of a purchaser of property at Sheriff's sale does not depend on the return of the officer, and that he need show no return, nor will it affect him though the return made be incorrect.   The purchaser has no control over the officer or his return; he cannot compel the officer to make any return, or to correct one made incorrectly.   It is enough for the purchaser that the officer had authority to sell and did sell to him and execute a deed.   (*Jackson* v. *Sternberg*, 1 Johns. 155; *Cloud* v. *El Dorado Co.*, 12 Cal. 128; *Jackson* v. *Stevens*, 1 Johns. 153; *Wheaton* v. *Sexton*, 4 Wheat. 503, 506; *Mitchell* v. *Lupe*, 8 Yerg. 179; authorities collected in Cowan & Hill's Notes to Phil. Ev. 805, Part 2.)

When the Sheriff's deed recites a levy or sale, such recital cannot be contradicted, the deed stands as if made by the party himself.   The Sheriff as the attorney of the party derives the power from the judgment and execution, and is appointed by law to sell and convey, and his deed stands on the same footing with the deed of the party himself.   (*Cooper's Lessees* v. *Galbroth*, 3 Wash. C. C. 546.)

IV.   If the officer had levied on and sold, and intended to convey the remainder or unexpired term of a lease for years, he would have so stated in his deed, and he would have described the par-

ticular estate he intended to convey, but on the contrary he distinctly states several times in his deed that he levied on, sold, and conveyed to the purchasers all the defendant, Clark's, right, title, and interest in the premises, and the reference made in the deed to the Steinberger lease, and also to the articles of agreement with Smith, was made to identify the land conveyed and not for the purpose of limiting or qualifying the estate granted.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover the possession of a tract of land in Contra Costa County. The plaintiff recovered judgment, from which the defendants appeal. The plaintiff claims title through a deed from the Sheriff of said county to Terry and Perley, in which the property conveyed is described as follows : " All the right, title, and interest of said Daniel S. Clark, against whom the said writs of execution were issued as aforesaid, of, in, and to the following described property, to wit: That certain tract and parcel of land and premises known as the ' Bull Head Rancho,' lying and being situate in Contra Costa County of said State, and being a leasehold unexpired, originally granted by the heirs of Wm. Welch, deceased, and others, to John B. Steinberger, and from said Steinberger by succession of title to said Clark, and at the date of said levy of said writs in the possession of John F. S. Smith, reversional to said Clark as per a certain contract and agreement on record in the Recorder's office of said last named county, in Book of Deeds, Vol. 3, pages 208, 209—reference thereto being given for particulars, and also to the said original conveyance of lease to the said Steinberger." It appears that long before the rendition of the judgments and the executions thereon against Clark, under which this property was sold, Walley, who is the sole appellant, conveyed the same property to Clark. Terry and Perley conveyed to the plaintiff. Clark was originally a party defendant, but he died during the pendency of the action. Carr, his executor, was made defendant in his stead, and by stipulation between the plaintiff and Carr, the separate answer of Clark was withdrawn, and judgment allowed to be entered against him, leaving Walley the sole defendant.

The principal point in the case is the construction of the Sheriff's deed to Terry and Perley, Walley claiming that it only conveyed the unexpired leasehold interest under the lease to Steinberger; that that interest had expired, and therefore the plaintiff had no title or right to the possession.   On the contrary, the plaintiff contends that the Sheriff's deed conveyed all the right, title, and interest of Clark in the land, and that thus whatever interest Clark may have held under the lease, as well as under the deed from Walley, all passed to the grantees in that deed, and afterwards from them to him.   We think this is the proper construction of the deed.   It distinctly conveys " all the right, title, and interest of the said Daniel S. Clark " in and to the ranch.   If it stopped here, there could be no room for doubt as to its meaning.   To this point it clearly conveys all the interest of Clark in the property, which would carry the interest he acquired from Walley and every other person.   The latter part of the description, where it says " being a leasehold unexpired," etc., are not words *limiting* the extent of the previous terms of conveyance, or *excepting* out any interest conveyed by the previous terms; but merely a statement of the officer and grantor of what he supposed or understood was the nature and character of the interest of Clark.   He uses no terms limiting or confining his conveyance to such unexpired leasehold interest.   If he had used such terms it would have presented a case of greater difficulty; but in the absence of language qualifying or limiting the general terms conveying all his interest, we would not be justified in restricting the conveyance as contended for by the appellant. Deeds are always to be construed most strongly against the grantor when there is any ambiguity or uncertainty.   In this case it was the duty of the Sheriff under the law to levy upon and sell all the right, title, and interest of the debtor, Clark, in the property, and he seems to have performed his duty ; and the mere fact that the Sheriff in attempting to describe the nature of that interest failed, through ignorance or mistake, to set forth fully all the interest he had, cannot prejudice the rights of the purchaser who purchased all that interest. It is doubtful, too, whether Walley can avail himself of any objection of this kind, and whether any person but Clark, or his successor in interest, could do so.   Walley had conveyed

the property to Clark, and as against Clark, and all claiming under him, he is estopped by his deed from asserting any title. Clark, by his will, conveyed all his property, both real and personal, to Carr, his executor, who appeared and filed the following stipulation: "I hereby withdraw the separate answer of D. S. Clark in the above entitled suit, and as testamentary heir of said Clark, agree to the plaintiff's taking judgment." So that Carr, the devisee of Clark, is also estopped from making the objection.

The respondent also claims that he was a tenant at will of the premises, and was entitled to demand of possession and notice to quit. He asserts nothing of the kind in his answer; but, on the contrary, denies the plaintiff's title. Besides, he conveyed all his title to the property by warranty deed to Clark. Under these circumstances he was not entitled to any notice to quit, nor was any demand of the possession necessary before suit. (*Kilburn* v. *Ritchie*, 2 Cal. 145; *Smith* v. *Ogg Shaw*, 16 Id. 88.)

The judgment is affirmed.