## GEORGE EBERSTEIN v. PHILIP OSWALT ET AL.

*Execution sale of undivided interest.*

An execution sale of an undivided interest in lands of which the defendant estate owns the complete title, is void; and the defect cannot be cured by Comp. L. § 4596.

Error to Kalamazoo. Submitted Oct. 21. Decided Oct. 27.

EJECTMENT. Plaintiff brings error. Affirmed.

*Breese & Stearns* for plaintiff in error.

*E. M. Irish* for defendants in error.

MARSTON, C. J. The plaintiff in error, claiming title in fee to an undivided half of certain lands through a sale made by an executor, brought ejectment to recover possession thereof. The court charged the jury that under the undisputed facts, the deed under which the plaintiff claimed title was void, and that they should render a verdict in favor of the defendants. While a number of questions have been discussed in this court on the argument, yet there seems to be an insurmountable difficulty in the way of the plaintiff's right to recover, and this will render an examination of the other questions unnecessary.

It appears from the record that there were six heirs at law and that the estate owned the complete fee of the property in controversy. The only reason for selling less than the whole interest is that which is assigned by the

executor in his petition for a license to sell, namely, that three of the heirs have since the death of the testator paid their share of the debts while the other three have not. In our opinion the statute providing for the settlement of the estates of deceased persons and a sale of the real estate thereof by virtue of an order of the probate court for the payment of the debts of the deceased, does not authorize or justify a sale of an undivided interest, or the interest of some of the heirs. The statute does provide for charging portions of the estate in the hands of heirs or devisees with certain obligations, but a very cursory examination will show that the debts in this case do not come within the terms thereof, nor has the remedy therein provided been resorted to.

This case comes under the provisions applicable to sales by executors for the payment of the debts of the deceased. The statute authorizes the sale of the whole, or of such part of the real estate as may be judged necessary. §§ 4551, 4556. And in the order specifying the lands to be sold, the judge of probate may therein direct the order in which several tracts, lots or parcels shall be sold. § 4557. These provisions do not authorize or contemplate the sale of an undivided interest in the estate, in case it is unnecessary to sell the whole. Whatever part or parcel of the estate is to be sold, it must be the entire interest which the deceased had therein,—the interest of the estate as a whole,—that must be sold. In like manner the statute in providing for the sale of mortgaged premises by foreclosure in chancery, authorizes a sale thereof, or such part thereof as may be sufficient to discharge the amount due, (§ 5147) ; but under this provision, the uniform practice, without a single exception, we believe, has been to sell the entire interest of the mortgagor in the part or portion of the premises sold. The same practice has prevailed in the probate court, of selling the entire title or interest of the estate, whatever that interest might be.

These statutes do not contemplate a carving up of estates and sales of undivided interests less than the whole title

therein, and the machinery of the probate court, ample though it is, is not adequate to the settlement of equities among heirs, and enforcing. contribution between them in this way. And surely the petition of the executor cannot be conclusive upon this question.

The plaintiff, however, relies.upon § 4596 which provides that sales made by executors shall not be avoided on account of any irregularity in the proceedings, provided certain things appear. We have had occasion to consider this statute in the recent case of *Toll v. Wright* 37 Mich. 93, and do not find it necessary to examine it farther here. It will be conceded that the statute cannot validate such a sale as no statute has empowered the court to license; for if the court were to assume to authorize such a sale it would be acting without any authority whatever. When, therefore, we find that the statute has never empowered the sale of undivided interests where the estate owns the complete title, the controversy is at an end, for it is wholly immaterial how fair on its face may be any judgment, order, decree or license of a court when back of it lies an absolute legal impediment to making it.

It follows, therefore, that the judgment must be affirmed with costs, and the record remanded for farther proceedings under the statute.

COOLEY and GRAVES, JJ. concurred.

CAMPBELL, J.   The statutory authority to sell lands under license of courts of probate is a special power and confined to the case where the sale covers, so far as the land sold is concerned, the interest of which the decedent died seized.   There is no power to sell any less- interest than remains in his estate in such property.   All sales or other dispositions by heirs are subject to this power, provided it can be exercised at all.   What that estate was must always be shown before any party claiming under a probate sale can show title at all, and when this is shown, a comparison of the power will show whether it conforms to that estate.

The power cannot be enlarged by the court under any circumstances, and it can make no difference in favor of such a sale what may appear in the probate records, when there is no authority to deal with the minor interest at all.

I concur in the result.