## SIMEON HEWITT v. SAMUEL DURANT.

*Estates of deceased persons—Legacies charged upon land—Life-lease—Residuary devise—Levy—Execution sale of distinct interests in one parcel—Executors' sale—Jurisdiction of probate courts.*

1. The statutory authority to sell lands under license of courts of probate is a special power, and confined to the case where the sale covers, so far as the land sold is concerned, the interest of which the decedent died seized. *Eberstein v. Oswalt*, 47 Mich. 256.

   So *held*, where executors were licensed to sell, and sold, 160 acres of land subject to a life-estate devised to the widow, and $3,500 in lagacies charged against the land, which sale is held void.

2. Whether, under a will devising to the testator's widow a life-estate in 160 acres of land, and bequeathing to each of two sons and three daughters a specified legacy to be paid out of the proceeds of the land after the mother's death, and all the rest and residue of the land to two other sons, in equal shares, to be given them after the mother's death, said legatees have any estate to levy upon prior to the mother's death, query?

Appeal from Oakland. (Moore, J.) Argued April 17, 1889. Decided December 28, 1889.

Bill to set aside a sale and conveyance of real estate by executors. Complainant appeals. Decree dismissing bill reversed, and one entered as prayed. The facts are stated in the opinion.

*Auten & Moss* (*O. L. Spaulding*, of counsel), for complainant, contended for the doctrine stated in the opinion.

*Theo. Hollister* and *Cass E. Herrington* (*John Fitz-Patrick*, of counsel), for defendant, contended:

1. Judicial sales should not be disturbed for technicalities; citing *Norman v. Olney*, 64 Mich. 553.

2. Under How. Stat. § 6076, all the proceedings leading to the issuance of a license to sell real estate are conclusively presumed to be valid; citing *Schaale v. Wasey*, 70 Mich. 414.

3. Defendant was bound to look no further than to see—

   *a*—That the executors were licensed to make the sale by the probate court having jurisdiction.

   *b*—That they gave a bond which was approved by the judge of probate.

   *c*—That they took the oath prescribed by law.

   *d*—That they gave the required notice.

   *e*—That the premises were sold accordingly, and the sale confirmed by the court; citing How. Stat. § 6076; *Blanchard v. DeGraff*, 60 Mich. 107.

4. The sale having been made by the probate court having jurisdiction, and the sale having been confirmed, the objections pointed out by complainant are at most irregularities, which, if not cured by the order of confirmation, will be shielded by it from collateral attack; citing *Osman v. Traphagen*, 23 Mich. 80; *Goudy v. Hall*, 36 Ill. 313; *McPherson v. Cunliff*, 14 Am. Dec. 642.

5. Complainant claims that the proceedings in the probate court are absolutely void because the land was sold subject to the life-estate of the widow, and legacies. If so, he has no standing in court, for his deed has priority of record, and his title cannot be injured by a later record based on a nullity; citing *Lumbering Co. v. Lovejoy*, 55 Mich. 192.

6. Complainant is bound to establish a clear legal or equitable title in himself, and cannot rely upon the weakness of his adversary's; citing *Stockton v. Williams*, 1 Doug. 546; *Griswold v. Fuller*, 33 Mich. 268; *Haddon v. Hemmingway*, 39 Id. 615; *Hardy v. Powell*, 40 Id. 413.

7. The levy was not properly made, purporting to be upon the "interests" of Edwin R. and Hiram E. Terry, instead of upon the land itself; citing *Arms v. Burt*, 18 Am. Dec. 680; *Paine v. Webster*, 1 Vt. 101; and a deed of land not lawfully levied upon conveys no title; citing *Campau v. Barnard*, 25 Mich. 384; and the owners of said interests cannot be deprived of their several rights to redeem by a blanket sale; citing *Lee v. Mason*, 10 Mich 403; *Udell v. Kahn*, 31 Id. 195; *McKay v. Kilburn*, 42 Id. 614.

SHERWOOD, C. J. The bill of complaint in this case is filed to set aside a conveyance of real estate given by the

executors of the last will of Albert Terry, late of the township of Avon, in the county of Oakland.

Albert Terry died in 1880, leaving a widow, four sons, and three daughters. He also left personal property appraised at $2,051.64, and two farms, both situate in said town,—one containing 120 acres, appraised at $7,860, and the other consisting of 160 acres, appraised at $8,540. He left his entire estate without incumbrance, and made his will, whereby he gave the use of the large farm to his wife during her life. To his three daughters, he gave each, from the proceeds of the large farm, $500, and to his two sons, Lewis W. and Edwin R. Terry, $1,000 each, and the balance of said large farm, at the death of the widow, was given to his remaining two sons, Gilbert A. Terry and Hiram E. Terry, share and share alike.

The will was duly probated, commissioners were appointed to hear and allow claims against the estate, and by their report of August 11, 1884, it appears they allowed claims against the estate to the amount of $1,461.04, about half of which was for tombstones authorized by the will of testator. Hiram E. Terry and the widow, Lucinda C. Terry, were named in and duly appointed executors of the will.

In 1881 and 1882 Hiram E. Terry and Edwin R. Terry became indebted to the complainant for furniture and fixtures purchased to be used in a hotel, to the amount of twelve or thirteen hundred dollars. On July 3, 1884, complainant brought suit against E. R. and Hiram E. Terry by attachment, and levied it on certain real estate and personal property in Clinton county, and on the same day levied it upon the interest of defendants in the large farm in Avon, and served the writ personally upon both of said defendants, who appeared in the case and

defended. Judgment was rendered against them in the Clinton circuit court for the sum of $1,456.74 damages, and $81.57 costs; and, the sheriff not being able to collect the judgment from the Clinton county property, sale was made of defendants' interest in the large farm in Avon for the sum of $1,000, under the execution, to complainant, and upon the expiration of the time to redeem he received the sheriff's deed therefor. Complainant caused to be filed the proper notice of the levy, and the recording of his conveyance in the office of register of deeds of Oakland county. There seems to be no question but that at the time the complainant received his deed there were no incumbrances upon the large farm, except those created under the will, and that his deed is prior in date of registry to that of defendant.

After the death of Albert Terry, Gilbert A. Terry mortgaged the small farm, on August 31, 1883, to Hiram E. Terry, for $1,400. He also gave a mortgage bearing the same date to John M. Norton for $5,000, and on May 17, 1884, he gave a mortgage to the defendant for $1,326.40; and Hiram E. Terry and the widow, on September 11, 1884, as executors, petitioned the judge of probate for leave to sell the two farms, they being all the real estate belonging to the estate of Albert Terry, to pay his debts. The petition asks for permission to sell the small farm subject to the $5,000 mortgage and the dower and homestead rights of the widow, and to sell the large farm subject to the widow's life-interest created by the will. The indebtedness is stated in the petition at the sum of $1,372.14. The day set for hearing on the petition was October 4, at which time the prayer of the petitioners was granted. February 21, 1885, the sale of the small farm was made subject to the Norton and H. E. Terry mortgages, and a certain lien and reservation of the wheat on the ground; and on July 18 following they sold the large farm to the

defendant for $1,450, subject to the widow's life-interest, and $3,500 in legacies. Deeds were executed to the purchasers at both of these sales.

It will be noticed that the only interest sold in this farm was that of the two residuary legatees. The complainant resides at Maple Rapids, in Clinton county, and appears to have known nothing of the proceedings to sell by the executors for more than a year after the sale and confirmation thereof of the large farm, which is on section 33. The small one is on section 27.

The complainant claims the executors' sale is void, and asks that the deed of defendant given thereunder be set aside for the following reasons:

"1. The probate court never had any jurisdiction to grant a license to sell the real estate, as the order of hearing, giving the requisite time as required by statute, was not made; hence the court acquired no jurisdiction to proceed further.

"2. The probate court had no jurisdiction or authority to license the sale of the land on section 27 subject to the John M. Norton mortgage of $5,000; neither had it authority to confirm the sale of the same subject to the two mortgages, amounting to over $7,000, both of which were given by Gilbert A. Terry after the death of Albert Terry, deceased.

"3. As the license required the land on section 27 to be sold first, the sale of the land on section 33 is void, for the reason that the entire interest which the estate had on section 27 was not sold, but only about a twentieth part of it.

"4. The sale of the land on section 33 is void, because the probate court had no authority to license or confirm the sale of the same subject to the life-estate of the widow and $3,500 in legacies.

"5. The sale is also void because not made in accordance with the license therefor.

"6. The sale of all the real estate is void, because fraudulent."

The circuit judge held otherwise, and dismissed complainant's bill.

While the probate court has general jurisdiction for certain purposes, yet its authority to act is created and limited by statute, and all proceedings taken in said court must conform to the statute to be of validity. Wells, Jur. § 271; *Bloom v. Burdick*, 1 Hill, 130; *Palmer v. Oakley*, 2 Doug. 476. The power to authorize the sale of lands by executors and administrators is a special one, and cannot be changed or enlarged by the probate court. *Eberstein v. Oswalt*, 47 Mich. 254 (10 N. W. Rep. 360).

It is unnecessary to consider all the reasons given by complainant's counsel to show the executors' deed of the large farm is void. We think the second, third, and fourth, above stated, are quite sufficient for that purpose.

The $5,000 mortgage had been placed on the small farm after the testator died. The interest of the testator at the time of his death is what the probate judge had authority to authorize the sale of for the payment of the debts of the estate, if he could authorize the sale of any. This he did not do. Consequently the sale was illegal, as well as the confirmation thereof. The sale of the small farm under the license to sell was directed to be made first. No legal sale ever having been made of the small farm, the sale of the other was without authority, under the license; and, besides this, the same objection obtained to the sale of the large farm as did to the sale of the small one. The probate court could not authorize the sale of either, except it should be the testator's whole interest therein; but the large farm was sold subject to the life-estate of the widow and the $3,500 legacies mentioned in the will. *Eberstein v. Oswalt*, 47 Mich. 254; *Daly's Appeal*, Id. 443 (11 N. W. Rep. 262).

It is unnecessary to examine as to what became of the personal property, which should always be applied first to

the payment of debts, unless otherwise directed by the will. The defendant, however, claims that even if the executors' sale shall be held void, still, that would not entitle complainant to the relief he asks, but that the complainant must further show that he had a subsisting, valid adverse title and interest in the land in question as against the defendant, and, as he claims only under an execution sale, he must show the same valid; and defendant further claims this the complainant did not do at the circuit for the following reasons:

1. The return of the sheriff to the writ of attachment does not show that any property of the defendants', personal or real estate, in the county of Clinton, was seized, and this should have been done before the sheriff could take property of the defendants upon the writ in Oakland county.

2. The record shows that the Terry interest in the real estate in Clinton county was of no value.

3. One of the appraisers who appraised the property in Oakland county was not a freeholder.

4. The interest of Edwin R. Terry, being merely a legacy of $1,000 to be paid out of the farm on section 33, was not liable to attachment.

5. Under the execution from Clinton county, the sheriff had no authority to levy upon the land in Oakland county.

6. That complainant's testimony shows that the notice of sale is less than that required by statute, and that the notice itself is defective.

7. The levy made upon the property was not upon defendants' land, but upon the interests of the defendants in the land.

8. The sale under the execution was of a residuary interest in real estate and a legacy, and both were sold together, and struck off together, for one sum. It was a sale of real estate and personalty, under proceedings for the sale of real estate.

There is no occasion to notice the first and second points, further than to say the return shows that a compliance with the statute was had in the service of the

writ, and the record shows that the property was of value which was attached.

The return of the officer shows that the appraisal was made by two disinterested freeholders of Oakland county, and his return cannot be impeached in the collateral manner attempted by the defendant.

· The legatee's interest (Edwin R. Terry's) was an equitable interest in the land, and, as such, was liable to be sold in the manner pursued in this case. But there can be no question as to Hiram's interest. His residuary half interest in the large farm was of the fee, and subject to levy. *Drew v. Dequindre*, 2 Doug. 93; *Dodge v. Walley*, 22 Cal. 224. It clearly appears that the sheriff levied his attachment, first, upon the land in Clinton county, and the property was deemed by him insufficient to satisfy the debt, and he then made the levy upon the large farm in Avon, in Oakland county. This is what he was directed to do by his execution, and his action was a sufficient compliance with the statute. This disposes of the defendant's third, fourth, and fifth points, and the eighth has been sufficiently noticed in what has already been said.

The sixth and seventh remain to be considered. In regard to the sixth, it appears the notice of sale was published a sufficient length of time, if the affidavit of the printer can be relied upon; but it is claimed that in the first publication of notice the sale was advertised to take place at one o'clock in the forenoon, instead of one o'clock in the afternoon; but this was a mistake which could mislead no one. The sale could only take place in the daytime, between nine o'clock in the forenoon and the setting of the sun on that day, and the hour was one o'clock. Even if the defect complained of could be shown in this case, we do not think it was one that could prejudice any party, and therefore it must be held sufficient.

In regard to the seventh point, we see no reason why the levy was not correct. It was the interest of the two Terrys, who were defendants in the suit, which was liable to be levied upon, and it was of no consequence whether such interest was either joint or several; it was all liable for the plaintiff's debt, and his demand against defendants was both joint and several. This is a question, however, in which the defendant is not particularly interested, and need not be further noticed.

We think it sufficiently appears that the amount in controversy was large enough to give the court jurisdiction, and the complainant is entitled to the relief he asks.

The decree at the circuit must therefore be reversed, and a decree entered here in accordance with the prayer of the bill, with costs of both courts.

MORSE, J., concurred with SHERWOOD, C. J.

CAMPBELL, J. Without holding absolutely that there was no estate to levy on, but not seeing that there was any such interest, I concur in holding that, if there was any, my Brother SHERWOOD is right.

CHAMPLIN and LONG, JJ., concurred with CAMPBELL, J.