GAGE BROS. & Co., Appellants, v. ROGERS SISTERS, Respondents.

### Kansas City Court of Appeals, December 5, 1892.

1. **Partnership:** EVIDENCE: NOTICE OF DISSOLUTION: COMMERCIAL AGENCIES. The fact that the remaining partner, immediately after the dissolution, called on the Dunn & Bradstreet commercial agency and gave information of the change of the firm, and that such information was sent on their slips of daily information issued by such agencies to their subscribers, which the plaintiffs subscribed for and received, is proper to go to the jury as evidence tending, in some degree, to bring home notice to the plaintiffs, there having been direct, though controverted, testimony of personal knowledge of such dissolution.

2. ——: ——: ——: COMMON REPUTATION. The fact that the continuing partner told some half dozen persons residing in the vicinity that the other partner had retired is incompetent to prove either common reputation or knowledge thereof to plaintiff; and, if it could establish common reputation in the vicinity, such reputation would be no notice to persons who reside and do business in a distant city.

3. ——: NOTICE OF DISSOLUTION. Notice of dissolution of a partnership must be actual notice in order to relieve the withdrawing partner from liability for future transaction with those who had dealt with the old firm.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED.

*Parkinson & Graves*, for appellants.

(1)    Evidence of the mere notoriety of the dissolution of partnership is not admissible to effect a party with notice of that fact, it not appearing that such party had actual knowledge thereof, or that notice of dissolution had been published in any newspaper.

*Pitcher v. Barrows*, 28 Am. Dec. 32. (2) Prior to the publication of a dissolution notice, actual notice of dissolution is required in order to exonerate Addie Rogers, as to Gage Bros. & Co., with whom the firm of Rogers Sisters had previously dealt. Notice through the reports of commercial agencies, or even by a marked copy of dissolution notice, would not have been sufficient. *Amidon v. Osgood*, 58 Am. Dec. 171; *Haynes v. Carter*, 27 Am. Rep. 747; *Wilkinson v. Bank*, 34 Am. Dec. 521; 17 American & English Encyclopedia of Law, sec. 4, p. 1117. (3) It was the duty of Addie Rogers, upon retiring, to give actual notice of such fact to parties with whom the former firm had been doing business, or cause the same to be done. Herman on Estoppel & Res Adjudicata, *supra; Richard v. Hunt*, 65 Ga. 342; *Richards v. Butler*, 65 Ga. 593.

*Francisco Bros.*, *W. L. Jarrott* and *W. G. Rose*, for respondents.

(1) Actual notice or knowledge of dissolution can be proved by circumstantial evidence, and the question must be submitted to the jury as one of fact under the instruction of the court. *Mauldin v. Bank*, 2 Ala. 502; *Rabe v. Wells*, 3 Cal. 148; *Johnson v. Totten*, 3 Cal. 347; *Treadwell v. Wells*, 4 Cal. 260; *Solomon v. Kirkwood*, 55 Mich. 256; *Coddington v. Hunt*, 6 Hill (N. Y.) 595; *Tudor v. White*, 27 Tex. 584; *Laird v. Ivens*, 45 Tex. 622. (2) If Gage Bros. & Co. had, from any source whatever, or by any means whatever, knowledge of the dissolution sufficient to put them on their guard, they could not recover. *Lovejoy v. Spafford*, 93 U. S. 430; Parsons on Partnership, pp. 412, 413.

GILL, J.—The defendant, Addie Rogers, with Belle Rogers, her sister, was engaged under the firm-name of

Rogers Sisters in the millinery business at Springfield, Missouri. The partnership was dissolved on August 13, 1889, and Belle continued the business alone. Plaintiffs, Gage Bros., of Chicago, Illinois, were prior dealers with the Rogers Sisters, having sold them goods at different times. This suit was brought for goods sold by Gage Bros. in September, October and November following Addie Rogers' withdrawal from the firm. The question tried was as to whether or not plaintiffs, as previous dealers, had such notice of the dissolution of the firm, and withdrawal therefrom of defendant, Addie Rogers, as would relieve her of liability for goods subsequently purchased by Belle Rogers. The case was tried below resulting in a verdict and judgment for defendant, and plaintiffs have appealed.

I.   The law is long since settled, that a retiring member of a partnership will continue liable to former dealers for the firm's subsequent obligations until such previous dealers have actual knowledge of the dissolution. In order then for the retiring member to terminate the implied agency existing between copartners, by which one may bind the other within the scope of their business, in their future transactions with those who have dealt with them as partners, it becomes the withdrawing member to see to it that such prior customers have notice of the dissolution. If he fails in this, and such previous dealer innocently, and without knowledge of the change, shall part with his goods to the new concern, then the retiring partner will be held as if still a member of the firm. Parsons on Partnership, 409, *et seq.;* 17 American & English Encyclopedia of Law, 1120, and cases cited. While the customary way is for the retiring member to give notice to those who have dealt with the firm, yet this is not indispensable. It is sufficient if such prior dealers have knowl-

edge of the dissolution, let it come from whatever source it may.

There seems to be no disagreement between the parties here as to the foregoing proposition of law; and it stands admitted, therefore, that in order to be relieved of liability for the account here sued on, not only must there have been a dissolution of the firm of Rogers Sisters by the retirement of defendant Addie, but Gage Bros. must have been in some manner actually informed thereof. The controversy here comes from the mode of proving this knowledge on the part of these plaintiffs. There was some direct testimony as to the notice. Belle Rogers testified that when she bought the first bill of goods after the dissolution (September 7) she informed Mr. Gage in person of the fact that her sister was no longer a member of the copartnership. This is denied, however. But, in order to strengthen the claim of notice, defendant, over plaintiff's objection, was permitted to show that Belle Rogers, immediately after her sister's withdrawal, called on the gentleman representing the Dunn & Bradstreet commercial agency, at Springfield, Missouri, and gave information of the change of the firm. This testimony was accompanied with evidence tending to show that such information went onto the agency reports which are circulated on slips of information daily among the subscribers to such agencies, and, too, that plaintiffs, Gage Bros., were then among such subscribers and received such slips; and it was reasoned, therefore, that from this source plaintiffs had notice of the dissolution.

It must be confessed that the admission of such evidence as the foregoing was of doubtful propriety; and, if it stood alone and unaided by other testimony or circumstances, it ought not to be taken as proof of notice. If, however, in addition to the information furnished to, and published by, these commercial

agencies, it appears, as here claimed, that such information was daily placed in the hands of plaintiffs' creditman who examined same, etc., then it would seem proper to let it go to the jury as evidence tending in some degree to bring home the notice to the plaintiffs. Notice may be implied from circumstances. The jury from such facts may infer that of actual notice. *Johnson v. Totten,* 3 Cal. 347; *Mauldin v. Bank,* 2 Ala. 507; *Rabe v. Wells,* 3 Cal. 148, 150; Parsons on Partnership, 412–13; 17 American & English Encyclopedia of Law, 1124.

II. At the trial in Cass county, the court permitted defendants to read the depositions of some half dozen persons residing at Springfield, to the effect that these several parties had talked with Belle Rogers after the dissolution, and in these conversations the said Belle had told them of her sister's withdrawal from the partnership. Plaintiffs made timely objections to this testimony, and now complain of the court's action in that regard.

In the admission of this evidence the trial court manifestly committed error. From the brief and argument of defendants' counsel it seems such testimony was intended to establish a common reputation or notoriety at Springfield, Missouri, that the partnership of Rogers Sisters had been dissolved by the retirement of the defendant Addie, and then hold plaintiffs to the knowledge of such reputation. Such evidence was incompetent to prove either the common reputation or knowledge thereof on the part of the plaintiffs. Admitting that Belle Rogers may have told some individuals at Springfield that she and her sister had dissolved their partnership, and that she (the said Belle) was conducting the business on her own account and alone, such evidence did not make a case of common repute or local notoriety, and even if it did

establish such notoriety at Springfield, this would be no notice to plaintiffs who resided and did business at Chicago, Illinois. The basis of such evidence (to-wit, common reputation) comes from the general under- standing that one living in a community is cognizant of what may be general talk in that vicinity; and it may be inferred that all persons residing there may be pos- sessed of that common knowledge. 1 Greenleaf on Evidence [14 Ed.] sec. 137; 1 Wharton on Evidence [3 Ed.] sec. 252.

It would not be expected, however, that plaintiffs located in business at Chicago would be aware of the common talk at so distant a point as Springfield, Mis- souri. Actual notice in such a case as this is required. Common repute in Springfield, Missouri, would not tend even to show that Gage Bros. in Chicago (more than five hundred miles away) had notice of the fact. *Richards v. Butler*, 65 Ga. 593. It was there held that even publication in a newspaper which does not circu- late in the vicinity where the person to be notified resides would not suffice to prove notice.

The judgment must be reversed and the cause remanded for a new trial. All concur.