### Jacob Breining, adm'r v. Dorothea Schneider.

*Settlement of estates—Administrator's claim for indemnity.*

An administrator filed a bill for indemnity from the estate, or from the widow and heirs, alleging that by the advice of the judge of probate he had turned the property over to the widow and heirs, believing that they would take care of debts remaining unpaid; that he had received his discharge but was afterwards cited to show why a particular claim had not been paid; that the judge of probate decided that the estate could not be re-opened and he must resort to equity; and that he had himself paid the claim. *Held,* that the administrator had disregarded the statutory provisions governing the management of estates, and that the case was not within any head of equity; and the bill was dismissed.

Appeal from Washtenaw. Submitted June 15. Decided June 29.

Bill to compel widow and heirs to indemnify the administrator for paying a claim against the estate. Dismissed on demurrer. Affirmed.

46 Mich.—25

*Cramer, Frueauff & Corbin* for complainant.

*Lawrence & Emerick* for defendant.   The opening of a
final administration account after allowance is a fraud on
creditors of the estate:  *Jennison v. Hapgood* 7 Pick. 7;
*Paine v. Stone* 10 Pick. 76;  *Field v. Hitchcock* 14 Pick.
406;  *Saxton v. Chamberlain* 6 Pick. 426;  *Davis v. Cowdin*
20 Pick. 512;  *Sever v. Russell* 4 Cush. 517;  the probate
court is the proper tribunal in which to settle matters in
relation to an administrator's account, etc.:  *Holbrook v.
Campau* 22 Mich. 288;  *Patton v. Bostwick* 39 Mich. 218;
*Kellogg v. Aldrich* id. 577;  *Green v. Probate Judge* 40
Mich. 244;  *In re Rathbone's Estate* 44 Mich. 57;  *Shelden
v. Walbridge* id. 251;  a bill of discovery does not lie in
Michigan:  *Riopelle v. Doellner* 26 Mich. 105.

GRAVES, J.  This is a cause in chancery.  The hearing
below was on demurrer and the bill was dismissed for want
of equity.  The suit is a manifest experiment and the mat-
ters relied on to bring a court of equity to assume cognizance
are so peculiar that no abridgement can succeed in present-
ing the case in the exact light in which it appears in the
record.  But the bill is too long to be repeated and a brief
reference must suffice.

Complainant alleges his appointment as administrator in
1873, with the approbation of the widow and heirs, and the
various steps taken to settle the estate.  That certain lands
were sold by him under license of the probate court and cer-
tain personal assets disposed of;  but that certain personal
estate and one hundred and fifty-seven acres of land
remained.  That the widow and children desired that no
more property should be disposed of;  although a claim
allowed by the commissioners in favor of John Schneider
and amounting to $1336.62 was still unpaid.  That in this
state of things it was agreed between complainant and the
judge of probate and the widow and children that no more
of the estate should be sold, and that the probate court
should pass the administration account of complainant and
assign the property to the widow and heirs, and that the

same was done in December, 1875. That by the advice of the judge of probate complainant turned over the property to the widow and heirs, and did so with the full belief on his part "that said widow and the heirs at law would take care of the balance of the debts and especially this debt to John Schneider (which in fact had not been paid) as they agreed to do and as (complainant) is advised and believes they were equitably bound to do." That in October, 1878, he was cited to show cause why Schneider's claim had not been paid, and, on the hearing, the present judge of probate held that the estate could not be opened and that complainant "must go into the court of chancery to get his claims." That he then paid the Schneider claim and proceeded to institute this suit in order to obtain indemnity out of the estate or against the widow and heirs.

It is scarcely necessary to say more than that the statements in the bill do not amount to a cause of action in chancery. Complainant's counsel have not succeeded in suggesting any head of equity to which it would be possible to assign the case which is set out, and we are satisfied there is none. According to the explanation given by complainant there is no doubt that the judge of probate might have opened the administration at the time complainant was cited for not having paid the Schneider claim. Yet as he did not press his application, and by appeal, if necessary, insist on the remedy which was then practicable, but proceeded to pay and satisfy the claim against the estate out of his own, pocket, and thereby altered his position and assumed a new character, namely, that of a personal creditor, or a mere volunteer, I am not satisfied that any remedy remains. In any event it is quite certain that there is no ground for equitable interference on the facts in this record.

The decree must be affirmed with costs.

MARSTON, C. J. and CAMPBELL, J. concurred.

COOLEY, J. If the complainant finds himself in such a position that he must lose the large sum he paid in satisfaction of the claim of John Schneider, it must be attributed

to his disregard of the law. It often happens that parties are wronged under such circumstances, but if they will not regard the law, they cannot be protected in their interests by it.

Complainant shows by his bill that as administrator of John F. Schneider he had in his hands abundant means to pay all the debts. Instead of paying John Schneider's debt, however, which had been proved and allowed, he saw fit to enter into some understanding with the widow and heirs whereby he rendered a final account which assumed that all the debts were paid, and obtained his final discharge, on turning over the property to the family. A part of the heirs were minors, and of course no understanding they may have entered into could be binding upon them. But of course the whole arrangement was unwarranted and illegal, and the natural result followed that when John Schneider called for the payment of his claim the court cited complainant to show cause why he had not paid it.

On complainant paying this claim in response to this citation, I should be inclined to think he might stand in the shoes of John Schneider, and claim the benefit of such remedies as were open to him, were it not for one fact which is stated by him, and which apparently deprives the case of all equity. It appears by the bill that complainant sold real estate subject to existing mortgages, and took for $3500, the purchase price, a mortgage on the land sold. What possible excuse he could have had for thus exposing the whole purchase price to the risks of the prior mortgages we are not informed: the judge of probate must have been deceived in relation to it or he would never have confirmed the sale. The bill avers that the mortgage proved to be worthless; so that whatever might have been realized to the estate by a proper sale was lost to it! The bill therefore on its face shows culpable disregard of duty, whereby a considerable sum was lost to the estate; and as this is more than the claim complainant paid for the estate, he could, under no circumstances, be entitled to relief on the case made. It seems probable from the statements in the bill that all par-

ties concerned participated in the disregard of law; and if so, they should not complain if the law leaves them where they have put themselves. It may be that the widow and heirs ought to save complainant harmless, but there is, as I think, no law compelling it.

The other Justices concurred.