IN THE MATTER OF THE ESTATE OF HIRAM ENSIGN, DECEASED,
ON THE APPEAL OF WILLIAM DALY.

*Administrator's sale—Certiorari—Appeal from denial of leave to sell real estate—Sale of entire interest—Purchase by administrator.*

Where the probate court denies the administrator leave to sell, and on appeal the circuit court reverses this order and grants leave, it should enter the proper judgment itself (Comp. L. § 5226) instead of directing the probate court to enter it; otherwise its judgment is inoperative if not obeyed, and will be quashed on *certiorari*.

On appeal from an order of the probate court denying an administrator leave to sell, the circuit court should find and place on record all material facts relied on, to warrant a judgment reversing the order and granting leave.

An administrator who has bought in an undivided interest of the heirs in certain real property, and for his own personal advantage has withdrawn it from the estate, cannot be licensed to sell the parcel for the payment of his own claims as administrator, because the law only permits him to sell the whole interest of which the intestate was seized.

Certiorari to Wayne Circuit Court. Submitted January 5. Decided January 18.

APPEAL from the denial by the probate court of leave to the administrator to sell real estate. The order of the probate court was reversed, and certain heirs bring up the proceedings by *certiorari*. Proceedings of the circuit court quashed.

*Simon R. Harris* and *Ward & Palmer* for the heirs.

*George H. Prentis* for the administrator.

GRAVES, C. J. The decedent died intestate February 6, 1871, leaving a widow and several children. He left several hundred dollars' worth of personal property and two village lots in Wayne and one hundred and sixty acres of unimproved land in Romulus, all in Wayne county.

February 6, 1872, Daly was appointed administrator and immediately entered upon his trust. June 26, 1872, comsioners on claims were appointed and on the 8th of February following they filed their report. February 13, 1878, Daly presented his final account and the court of probate found and decided that a balance in his favor existed amounting to $731.59. This determination was made December 8, 1878.

March 6, 1879, he petitioned the probate court for a license to sell the two village lots and the one hundred and sixty acres of unimproved land or so much as should be necessary for the payment of the remaining indebtedness of the estate and the lawful charges. He averred in the petition that the personal estate which had come into his hands amounted only to $490 and that no part of it remained undisposed of. That for the purpose of paying the debts allowed by the commissioners he had advanced certain sums of money, and the same stood allowed to him in said sum of $731.59 by the decree on the final accounting, and that no debts of the deceased were outstanding so far as the petitioner could ascertain, and that no claim remained except his said allowance for said advances, and that for the purpose of paying said claim it was necessary to raise about $750 by sale of the before-mentioned premises. He further averred that the delay in filing his account and settling said estate and the consequent delay in ascertaining the amount in his favor and applying for leave to sell the real estate, had been caused by negotiations between him and the heirs, which negotiations gave him reason to believe that they would pay him the amount so found to be his due.

This petition was heard on the 15th of April, 1879, and the court of probate denied the application. An appeal was thereupon taken by Daly to the circuit court where a hearing was allowed before a jury. Considerable oral testimony was taken and the jury were charged as in ordinary actions at law. They were instructed that the question for them to consider and decide was whether Daly was prevented by delays produced by causes over which he as administrator

and the probate court had no control, from closing or settling the estate within the usual or ordinary period; and in case they should so find, that it would then follow that the probate court continued to possess jurisdiction to order a sale. The jury found that Daly was in that way prevented from closing the estate within the ordinary period, and the court, relying on that finding, adjudged and decreed the instant and immediate reversal of the order of the probate court which denied the prayer of the petitioner, and subjoined a direction that the probate court proceed to grant the prayer of the petition. On this determination three of the heirs sued out a *certiorari* to bring up the proceeding for review.

It is not to be assumed that the case presented any matter for the consideration of a jury. But whether it did or not the nature of the jurisdiction and the laws regulating revision of such proceedings indicate that it was the better if not the proper course for the court, with or without the aid of a jury, to find and place upon the record all the material propositions of fact relied on to warrant the judgment. Merely suggesting what would have been the most eligible practice in this respect we pass to another point. The judgment is not in accordance with the statute. If the case was a proper one for reversing the denial of the judge of probate, and also for giving the relief or remedy prayed by the petition, it was incumbent on the court not only to definitely reverse the denial but also to definitely adjudge and award the very thing which the probate court ought to have adjudged and decreed. Comp. L. § 5226.

If the sense of the appellate court was that Daly should be licensed to sell, the judgment to that effect was required to be the judgment of the appellate court and not the judgment of some other court, and a mere mandate from the appellate court to the other to enter a decree licensing Daly to sell is a very different thing from a decree immediately entered by the appellate court itself. In the one case the positive decree is coincident with the actual decision. The proceeding has culminated in a decree which is final and complete. In the other case a decree is directed only. The

proceeding remains open and pending, and the suspense may continue indefinitely.

. Now the act of the circuit court consisted of a direct reversal of the denial of the judge of probate and of a direction to the probate court to grant the license prayed for. No license was allowed and decreed by the circuit court, and no license has yet been granted by the probate court. As the case stands, the denial of the probate court is set aside and the judgment or decree which that court ought to have given according to the views of the circuit judge, has never been made. The record leaves no doubt, however, of the purpose of the circuit court that the reversal and the grant of license should concur and constitute one entire determination. Consequently the defect caused by the want of a definite grant of license by the circuit court itself affects the whole judgment and the error is sufficient to require it to be quashed.

Before leaving the case we think it necessary to allude to one feature which is too important to be passed without mention. The petitioner fully admitted before the jury that while administrator he had acquired from two of the heirs an undivided interest in the realty he solicited leave to sell, and also that he had transferred a portion to the same heirs. From this it seems he has actively and for his own personal interest engaged in withdrawing from the estate an undivided interest in the real assets he desires to be allowed to sell to pay his own claim, and has placed some part beyond his own reach and that of the estate. He has accordingly by his own interference and his acceptance of an interest on his claim made it impossible to sell the whole interest of which the decedent died seized, and we held in *Eberstein v. Oswalt* ante. p. 254, that the statute would not authorize the sale of a different interest. We came to the conclusion that if the decedent at his death was seized of the entire interest it would not be competent to license his representative under the statute to sell an interest of smaller quantity.

At the last June term the court commented on the risks

incurred by administrators in departing from those methods which are prescribed by law for the settlement of estates, and by special arrangements of their own so entangling the property and affairs that any settlement by means of the established remedies is made impracticable (*Breining v. Schneider* 46 Mich. 385), and without further remark now, we call attention to the observations there made.

The proceedings in the circuit court must be quashed with costs against Daly, and the clerk will certify the result to the respective courts below.

The other Justices concurred.