*In re* KILBOURNE'S ESTATE.

1. ESTATES OF DECEDENTS—PROBATE COURTS—APPEAL—REMANDING PROCEEDINGS.

On appeal from an order of the probate court denying a petition to compel the executor of an estate to render an account, the circuit court should enter the order, if proper, rather than remand the case to the probate court to proceed to hearing. 1 Comp. Laws, § 679, 5 How. Stat. (2d Ed.) § 12127. OSTRANDER and KUHN, JJ., dissenting.

2. SAME—EXECUTORS AND ADMINISTRATORS—COMPROMISE.

After compromising with the executor of an estate her interest as a beneficiary under the will, petitioner, in the absence of any fraud, could not require him to render an accounting as executor, in probate court, eight years subsequently; having parted with her interest in the estate by the terms of the settlement.

3. SAME—ACCOUNTING.

The alleged failure of the executor to account to petitioner for one of the securities received by petitioner on the settlement and redelivered to him for collection, could not be tried in such proceeding: it was a personal issue between them, and did not concern the estate.

Certiorari to Ingham; Collingwood, J. Submitted October 15, 1912. (Docket No. 75.) Decided December 17, 1912.

Petition by Marie E. Stephenson to the Ingham probate court to require S. L. Kilbourne, executor of the estate of Cornelia W. Kilbourne, deceased, to render an accounting. The petition was dismissed. Petitioner appealed to the circuit court. An order setting aside the determination of the probate court and remanding the cause for further proceedings is reviewed by the executor on writ of certiorari. Reversed, and the order of the probate court reinstated.

*Rollin H. Person,* for appellant.

*O. H. Reed,* for appellee.

BIRD, J. Cornelia W. Kilbourne departed this life in November, 1898, leaving a last will and testament in which she appointed her husband, Samuel L. Kilbourne, her executor. He accepted the trust and paid certain specific legacies in accordance with the terms of the will, but the residue he refused to turn over to the residuary legatees, Marie E. Stephenson and Gertrude Higham, because of certain equities which he himself claimed to have in the fund. This gave rise to a controversy which continued until May, 1900, when the residuary legatees and the executor agreed upon a division of the fund. The amounts agreed upon were paid over to the residuary legatees by the executor, and their receipts were taken and filed in the probate court. Nothing further was done in the estate until February, 1908, when Marie E. Stephenson filed a petition in the probate court of Ingham county as residuary legatee, praying that the executor be required to file a complete inventory of the estate, a report of all moneys collected, and that he make a final accounting therein.

The executor filed an answer in which he set up the settlement with petitioner in the year 1900, and denied that she had any interest in the estate. The matter was heard before the probate court, and the prayer of the petitioner was denied on the ground that she had parted with

all her interest in the estate. An appeal was taken to the circuit court where a hearing was again had upon the application, whereupon the trial court made the following order:

"(1) Order of the probate court of Ingham county entered in said cause upon hearing in said probate court whereby petition of said Marie E. Stephenson was dismissed, be reversed, set aside, and held for naught.

"(2) Probate court of the county of Ingham is hereby directed to proceed to a hearing of the matter under the petition of the said Marie E. Stephenson."

The executor then obtained from this court an allowance of a writ of certiorari to remove the proceedings to this court. His contention is that the order of the circuit court was irregular and unauthorized, and he asks that it be set aside for the reason that the circuit court had no power to send the case back to the probate court for retrial, that, when the appeal was taken, the probate court lost jurisdiction of the issue, and that it was then the duty of the circuit court to enter such judgment therein as was proper, and cites *Daly's Appeal*, 47 Mich. 443 (11 N. W. 262), in support thereof. The statute defining the jurisdiction of the circuit courts in appeals from probate courts is as follows:

"The circuit court may reverse or affirm, in whole or in part, the sentence or act appealed from and may make such order or decree thereon as the judge of probate ought to have made, and may remit the case to the probate court for further proceedings, or may take any other order therein, as law and justice shall require." 1 Comp. Laws, § 679 (5 How. Stat. [2d Ed.] § 12127).

We are inclined to agree with counsel as to the second paragraph of the circuit court order.

But, if we treat this part of the order as having no force, we still have the first paragraph, which in plain terms reverses the order of the probate court. And that action was clearly within the trial court's statutory authority. It follows, then, that the question is properly before us as

to whether the circuit court was right in reversing the order of the probate court. The issue raised in the probate court on the petition and answer was whether the petitioner had any interest in the estate. The proofs show that the petitioner was one of two residuary legatees of the estate, and that, following the death of the testatrix, a question arose between them and the executor as to whether certain securities standing in the name of the deceased belonged to the estate or to him. The controversy was subsequently adjusted amicably between them, and the amounts agreed upon were paid over to them. The petitioner settled with the executor on the 7th day of May, 1900, for $1,400, receiving in payment thereof certain securities aggregating the sum of $1,474. Petitioner gave a receipt in full for her interest in the estate, and also gave a note for the excess of $74, which she afterwards paid. The settlement was not questioned from that time until petitioner started this proceeding in February, 1908. The evidence further shows that, when the settlement was made, the petitioner was attended by her husband and by her counsel; and there is no evidence that any fraud was practiced by the executor in making the settlement. She does not deny that she received the securities nor that they were for the amount agreed upon. She does complain, however, of a small mortgage which was among those assigned to her on the settlement, and which was afterwards redelivered to the executor for collection, and that he has not properly accounted for the same. This appears to be a matter outside of the matters of the estate, and one which concerns only the petitioner and the executor individually. Under the showing made, we are of the opinion that the probate court was right in holding that the petitioner had no interest in the estate.

It follows that the order of the circuit court will be reversed, and the order of the probate court affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, and STONE, JJ., concurred with BIRD, J.

Ostrander, J. Having reversed the order of the probate court, it was proper to remand and order an accounting. It would have been improper to order an executor's account to be filed in the circuit court. I concur in reversing the order which was made and in affirming the order of the probate court.

Kuhn, J., concurred with Ostrander, J.