# THE CITY OF CHAMPAIGN

*v.*

# A. E. HARMON.

*Filed at Springfield May 13, 1881.*

1. MUNICIPAL CORPORATION—*no power to purchase at tax sale.* A municipal corporation, in the absence of any enabling statute, has no authority of law to become the purchaser of lands or lots at a tax sale, and acquire a title by complying with the statute in respect to such sales. The general power to buy and hold real estate does not authorize such a purchase.

2. SAME—*general incorporation act does not apply to cities under special charters.* Sec. 159 of the act to provide for the incorporation of cities and villages, confers no power on cities and villages, organized under special charters, to become purchasers at tax sales.

3. SAME—*powers are limited.* Municipal corporations are creatures of the statute, and can only exercise such powers as are expressly conferred, or such as arise by implication from powers expressly granted.

4. SAME—*power to acquire and hold real estate.* A power in a charter of a city to acquire and hold real estate must be understood as authorizing purchases made in the ordinary way, and only for corporate purposes, and a grant of power to purchase real property for particular purposes, it seems, is a limitation on the powers of such corporations, and will exclude, by necessary implication, all purchases for mere speculation or profit.

5. Under a general grant of power to buy and hold real property, a municipal corporation may buy and hold such property, within the corporate limits, as may be necessary for corporate purposes, and it may even buy and hold real estate beyond the corporate limits, for the location of cemeteries, pest houses, and other purposes connected with the sanitary condition of the municipality.

6. SAME—*who may avoid act in excess of power.* Where a general authority exists in a municipal corporation to buy real estate for any purpose, the vendor in such case may not afterwards avoid his contract by insisting his deed is void because the corporation may have exceeded its powers in making such purchase.

7. Where a city bids off real property at a tax sale, and acquires a deed for the same, having no authority to do so, the law will not assist the city because the purchase is illegal, nor the land owner because he owes the taxes on the property, and ought in conscience to pay them.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. E. L. SWEET, for the appellant:

The charter of the city is a public act, and sec. 4, art. 1, thereof, provides that the city shall have power " to purchase, receive and hold real and personal property in said city, * * * and to do all other things in relation thereto, as natural persons."

This power is not limited by the terms of the charter. It is plenary, conferring all the power to acquire and hold real estate which the State can confer.

Where a municipal corporation has power to purchase land, and the purchase is made, the fact it was made with the avowed intention of devoting the property to private purposes will not render the deed void, nor even voidable, except under certain circumstances. *Sherlock et al.* v. *Village of Winetka et al.* 59 Ill. 389. See, also, *City of Galena* v. *Corwith*, 48 Ill. 423; Dillon on Mun. Corp. (2d ed.) pp. 544, 752, and note 2.

Mr. J. S. WOLFE, for the appellee:

Corporations must act from express authority, or a power necessary, as incidental to some corporate purpose. It has no inherent right to make laws or contracts. It is a creature of power, and not of right, and must live by power and act by express consent of the legislature, or from a necessity germane to the purpose of its creation. *Thomson* v. *Lee County*, 3 Wall. 327; 13 Gray, 318; 21 Ill. 205; 82 id. 138.

The city may purchase, but the grant of power to the city is only as to sales for special assessments, (Rev. Stat. 1874, p. 908, sec. 301,) and no amount for special assessments was included in this sale.

The power is, therefore, a limited special power, and not to be enlarged by intendment to include a power not expressly

granted.   *Weil* v. *Ricord,* 9 C. E. Greene; Am. Corp. Cases, vol. 3, 224, 529.

A doubt as to the power must be solved against the corporation.   *Minturn* v. *Griswold,* 23 How. (U. S.) 435; 25 Ia. 163; Am. Corp. Cases (Withrow), vol. 2, 283.

A statute authorized a county to buy at tax sales, but did not expressly confer the right to take a deed in its own name; held, that a deed so taken was void.   Am. Corp. Cases (Withrow), vol. 2, 323, 327; 4 Kan. 388.

General power to hold property must be construed for corporate purposes, and not for speculation.   Dillon, sec. 453, cites 1 Douglas, (Mich.) 401; 3 Jones' Eq. (N. C.) 253; 7 Blackford, 395; 9 Cowen, 437; 29 Mo. 543.   And see 45 Mo. 212.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by the city of Champaign against Augustus E. Harmon, to recover possession of a lot of ground, designated as lot 27, in A. E. Harmon's addition to the city of Champaign.   Judgment was entered against this lot, with other lots and lands, for the taxes of 1874 and 1875, by the county court of the county in which such lands and lots are situated, and afterwards, at a sale of land and lots for taxes, under the order made by such county court, the city of Champaign, through its chief executive officer, and by direction of the city council, bid off the lots in controversy, for and in the name of the city, for the taxes due thereon, and there was issued to the city the usual certificate of purchase in such cases.   It is claimed, the requisite statutory notice was given to the owner in possession, and who was also the party in whose name the property was assessed, by the mayor, on behalf of the city,—which notice, it is said, contained all the statute required it should contain, and was served in the proper manner and at the proper time. Such proceedings were afterwards had by which the city

received a deed for the lot by it purchased at such tax sale, executed by the proper officer, and it is under that deed the city claims title to the property as against the former owner in possession.

Observing the uniform rule, that a plaintiff in ejectment must recover, if at all, upon the strength of his own title, it will only be necessary in this case to consider whether the tax deed to plaintiff is valid,—if so, the right of recovery exists—otherwise not. Passing over all minor objections, only the question affecting most vitally the validity of the tax deed will be considered, viz: whether a municipal corporation, in the absence of any enabling statute, may become the purchaser of lands or lots at a tax sale, and on compliance with the statute in that regard may obtain a deed that will invest such corporation with the title to the property. It seems clear no such right exists. Municipal corporations are creatures of the statute, and can only exercise such powers as are expressly conferred, or such as arise, by implication, from general powers granted. In this case the plaintiff corporation is empowered, by its charter, to buy and hold real property, but that must be understood to be purchases made in the ordinary way, and only for corporate purposes; and a grant to purchase real property for particular purposes would seem to be a limitation on the powers of such corporations, and would exclude, by necessary implication, all purchases for mere speculation or profit. Power to purchase real estate for speculative purposes is not among the usual powers bestowed on municipal corporations, nor does such power arise, by implication, from any of the ordinary powers conferred on such corporations. Authority to buy and hold real estate is only given to them to that extent that may be necessary to carry into effect corporate powers granted. Under a general grant of power to buy and hold real property, it is understood municipal corporations may buy and hold such property, within the corporate limits, as may be necessary for corporate purposes, and may even buy and hold real estate beyond the

corporate limits, for the location of cemeteries, pest houses, and other purposes connected with the sanitary condition of the municipality. But that is a very different thing from buying lands and town lots at tax sales, whether situated within or beyond the limits of such corporation. The bids made are not absolute purchases, and may never mature into a title to the property. Should the land be redeemed, the purchaser would realize a profit by his bid, but if not redeemed, certain things required by the statute must be observed and performed before any deed can be obtained. No express authority is given to this corporation to transact such business through any officer, nor does it arise, by implication, from any general powers conferred by its charter.

By statute in this State, which expressly so provides, a municipal corporation interested may become a purchaser at any sale of lands and lots for special assessments, and may designate any officer to attend such sale and bid on its behalf. But that is only when such corporations are interested in such special assessments. Here no special assessments are involved. This provision would seem to be a legislative construction, that without enabling authority a municipal corporation may not become a purchaser of lands and lots at a tax sale, and that such power is not included in a general authority to buy and hold real estate for the convenience of the corporation.

It seems the city of Champaign is under a special charter, —at least it does not appear to be organized under the general law,—and hence the 159th section of the act to provide for the incorporation of cities and villages, can not be regarded as conferring any power on cities and villages organized under special charters to become purchasers at tax sales.

But a question of some difficulty remains to be considered. The city, by its charter, has power to buy and hold real estate, and the argument insisted upon,—whether the corporation in purchasing exceeds its powers,—is a question between it and the State, and does not concern the vendor or other

private persons.   Where a general authority exists in a municipal corporation to buy real estate for any purpose, the vendor, in such cases, may not afterwards avoid his contract by insisting his deed is void because the corporation may have exceeded its powers in making such purchase.   Only the State may inquire whether the corporation has transcended its powers.   As we have seen, bidding off lands at a tax sale is not an absolute purchase of property, and as there is a total want of authority to make such bid, the question whether the corporation has exceeded express powers in that regard does not arise.

Conceding, as must be done, there was no authority in the plaintiff corporation to acquire title to the property in question by bidding off the same at a tax sale, and thereafter complying with the statute, it is sufficient to defeat the present action that the law will not assist either party.   It will not assist plaintiff because the purchase was illegal, and it will not assist defendant because it appears, by the record, he owes the taxes on the property, and ought in conscience to pay them.   The law will leave the parties where they have chosen to place themselves, in respect to the property itself.

The judgment will be affirmed.

*Judgment affirmed.*