AUBUCHON *et al.*, *Appellants*, v. AUBUCHON, *Appellant;* AUBUCHON *et al.*, *Respondents.*

Division One, March 10, 1896.

1. **Land of Decedent:** COTENANCY OF HEIRS: SALE OF LAND FOR PAYMENT OF DEBTS, EFFECT OF: TITLE OF PURCHASER. While heirs of an intestate, upon his death, take the land of which he died seized as tenants in common, yet the estate does not vest in them absolutely, but is subject to be divested whenever the land is taken into the custody of the courts and sold for the payment of the debts of the deceased and the relation of cotenancy is severed by an order of sale, and the purchaser at the sale acquires the entire title as it came from the decedent and as it existed before his death.

2. ——: ——: ——: ——. . The purchase of land of a decedent by one heir, at a sale under order of court for the payment of debts of the decedent does not inure to the benefit of the other heirs.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*M. Kinealy* and *James R. Kinealy* for plaintiffs, appellants.

(1) At the time of the sale by the administrator and afterward, until the sale was proved, George Aubuchon and his brothers and sisters were owners of the land described in petition as tenants in common. *Sherwood v. Baker*, 16 S. W. Rep. (Mo.) 531; *Wohlein v. Speck*, 17 Mo. 561. (2) The purchase at the administrator's sale, of the land described in the petition, by George Aubuchon, who with his brothers and sisters owned the land, inured to the benefit of all his brothers and sisters equally with himself, and he took title under the sale as a trustee for them and himself. *Picot v. Page*, 26 Mo. 420; *Davis v. Givens*, 71 Mo. 94; *Campbell v. Laclede Gaslight Co.*, 84 Mo. 365; *Lomax v. Gindele*, 117 Ill. 527; *Bracken v. Cooper*, 80 Ill. 221; *McPheeters v. Wright*, 9 L. R. A. 170; *Dray v. Dray*, 27 Pac. Rep. 223; *Barnes v. Boardman*, 9 L. R. A. 571, and cases in notes, 7 Gen. Dig. 1239; *Rozier v. Johnson*, 35 Mo. 327; *Boskowitz v. Davis*, 12 Nev. 446; 11 Am. and Eng. Encyclopedia of Law, 1084; *Gibson v. Winslow*, 46 Pa. St. 380; *Rothwell v. Dewees*, 67 U. S.; 6 Lawson's Rights & Rem., sec. 2726, p. 4448. (3) And this is especially so, in view of the fact that George Aubuchon at the time of the sale was in possession of the land and several of his brothers and sisters were minors, naturally looking to him for

protection and care. *Carpenter v. Carpenter*, 131 N.
Y. 109, 110. (4) The court should have decreed par-
tition as prayed by plaintiffs. See cases cited on pre-
ceding points. (5) We submit that the debts of the
intestate are a lien on his realty from the instant of his
death and that this is too well settled to be open to
dispute. We also submit as a settled proposition, that
all the estate of the intestate passes to the purchaser
and can not pass by a conveyance of the heir and as
one proof of that proposition we will call the attention
of the court to the fact that the purchaser at the ad-
ministrator's sale can set aside a fraudulent conveyance
of the intestate but that the heir can not. We would
respectfully refer the court to 5 Am. and Eng.
Encyclopedia of Law, 264, par. 2, and notes; 292, last
par. and notes; *Thomas v. Thomas*, 107 Mo. 459; *Crook
v. Tull*, 111 Mo. 283; *Brown v. Whitmore*, 71 Me. 65;
*Valle v. Bryan*, 19 Mo. 423.

*Jas. A. Henderson* for respondents.

The purchase at the administrator's sale of the
land described in the petition by George Aubuchon did
not inure to the benefit of his brothers and sisters, and
he did not take title under said sale as trustee for them
and himself. Woerner's Am. Law of Administration,
sec. 314, p. 658; *Rozelle v. Harmon*, 29 Mo. App. 569;
*Selb v. Montague*, 102 Ill. 446; *Foote v. Overman*, 22
Ill. App. 181; *Page v. Culver*, 55 Mo. App. 606. The
statute of Illinois (sec. 98, R. S. 1891), authorizing an
administrator to sell real estate, is based, like the
Missouri statute (sec. 145, R. S. 1889), upon the
insufficiency of the personal estate to pay the debts of
the decedent and the mode of procedure is substan-
tially the same, and the status of the real estate and
rights of the heir from the death of the ancestor to
completed sale, the same. While these cases are not

directly in point, yet, if it be true, as asserted in them, that the sale by the administrator is equivalent to a sale by the heir, then it necessarily follows the purchase by George Aubuchon did not inure to the benefit of his cotenants, for one cotenant may purchase the interests of his other cotenants.

MACFARLANE, J.—This suit is for the partition among the heirs of Ellen Aubuchon, deceased, of a small tract of land situate in the county of St. Louis. The ancestor died in 1880, seized of the land, leaving appellants and George Aubuchon as her sole children and heirs at law. Under an order of the probate court the land was sold in 1884 by the administrator for the payment of the debts of the deceased, and George Aubuchon, one of the heirs, was the purchaser, to whom a deed was made. The proceedings and sale were regular and the deed was in due form. The purchaser bid and paid the appraised value for the land. No fraud or misconduct is charged either against the administrator or the purchaser. George Aubuchon afterward died and respondents are his widow and heirs at law.

Appellants prosecute this suit for partition claiming as heirs of the said Ellen Aubuchon, deceased. This claim is made on the theory that the purchase by one of the heirs at the administrator's sale inured to the benefit of all. They ask a sale of the land and the payment to the heirs of George Aubuchon out of the proceeds thereof the amount paid on the purchase at the administrator's sale, and that the balance be distributed among the heirs of the said Ellen in proportion to their respective interests in this land.

The court held that the administrator's sale passed to the purchaser the absolute title and gave judgment for defendants, and plaintiffs appealed therefrom.

Appellants say in their brief that they wish to present but one question on this appeal, which they state as follows: "They contend that the purchase by George Aubuchon, husband of Louise Aubuchon and father of the other defendants, at administrator's sale, inured to the benefit of his brothers and sisters as well as himself."

The principle is well established in equity that tenants in common occupy such a relation to each other that one will not be permitted to purchase an outstanding title or incumbrance for his exclusive benefit and set it up against his cotenants, but such purchase will inure to the benefit of all who are willing to contribute their just proportion of the expense. This principle has received frequent recognition from this court. *Picot v. Page*, 26 Mo. 420; *Dillinger v. Kelley*, 84 Mo. 568; *Hickman v. Link*, 97 Mo. 494; *Jones v. Stanton*, 11 Mo. 435.

This rule is founded upon principles of good morals, as well as of the good faith and duty required of persons sustaining such relations of confidence and trust as exist between tenants in common. While their respective rights are severable and the interest of each may be sold either by his voluntary act or under process of law, yet they are all entitled to the joint possession and control of the property, and good faith forbids any one of them by any act of his own to disseize or dispossess another.

Chancellor KENT, in a leading case on this subject says: "It is not consistent with good faith, nor with the duty which the connection of the parties, as claimants of a common subject, created, that one of them should be able, without the consent of the other, to buy in an outstanding title, and appropriate the whole subject to himself, and thus undermine and oust his companion. It would be repugnant to a sense of refined

and accurate justice.   It would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties, as joint devisees, created. Community of interest produces community of duty, and there is no real difference, on the ground of policy and justice, whether one cotenant buys up an outstanding incumbrance, or an adverse title, to disseize and expel his cotenant.   It can not be tolerated, when applied to a common subject, in which the parties had equal concern, and which created a mutual obligation, to deal candidly and benevolently with each other, and to cause no harm to their joint interest." *Van Horne v. Fonda*, 5 Johns. Ch. 406.

Does this rule, and the reason of it, prevent one heir or joint devisee from purchasing the entire estate at a public sale made by an executor or administrator, acting under the orders of a probate court, for the purpose of subjecting the land to the payment of the debts of the decedent?   I am of the opinion that it does not.

It may be conceded that the heirs of an intestate, upon his death, take the land of which he died seized as tenants in common and their reciprocal duties immediately arise.   But the estate does not vest in them absolutely.   It is subject to be divested whenever the land is taken into the custody of the courts and subjected to the payment of the debts of the deceased. The law appropriates the title to the land, not as that of the heirs, but as it came directly from the ancestor. The probate court orders the sale of the land and not the interest of the heirs.   R. S. 1889, sec. 148.   The deed made in pursuance of the sale conveys to the purchaser "all the right, title, and interest which the deceased had in such real estate at the time of his death."   R. S. 1889, sec. 171.   The relation of cotenancy for the purpose of the sale, is severed by the order.

The purchase is in no sense that of an equity of redemption, an incumbrance, or an outstanding title. It is a purchase of the entire title as it came from the decedent and as it existed in him before his death. The order of sale goes behind the cotenancy and subordinates the rights of the heirs to the paramount right to appropriate the property for the payment of debts.

The right of one heir to purchase for his exclusive benefit is analogous to that of a tenant in common to purchase at a sale of the property under an order of sale in partition. This right seems to be recognized in *Stephens v. Ells*, 65 Mo. 460. At such public sales either by administrators or under orders of court for the purpose of effecting a partition, where the entire estate is sold and the cotenancy is destroyed, the parties are released from the relation of confidence which requires each to act for the common good, and are, and ought to be, free to act for themselves and their own interest.

It has certainly been the understanding of the bar of the state that an heir can purchase at such sales. Such has also been the common practice. To hold otherwise would virtually deny an heir the right to bid. It would greatly decrease competition and would often cause a sacrifice of estates.

The sale is judicial and is under the control of the probate court. The administrator represents the heirs as well as the estate and the creditors. Any unfairness or misconduct by either the heir or the administrator can be corrected by the court. The judgment is affirmed. BRACE, C. J., and ROBINSON, J., concur; BARCLAY, J., does not sit.