[Johnson v. Porterfield, et al.]

# Johnson *v.* Porterfield, *et al.*

*Application by Executors to Sell Lands to Pay Debts.*

(Decided March 2, 1907.    43 So. Rep. 228.)

1. *Equity; Pleading; Bill; Amendment.*—Where an amendment is filed before answer containing a recital striking all facts and statements in the original bill and in the first amendment thereto, filed on a named day "not alleged in the amendment then filed,' such amendment is a substitution for all previous allegations and becomes the only bill before the court.

2. *Administrators; Sale of Realty; Debts Due Administrator.*—The fact that the will authorized the executor to sell the land did not deprive the court of jurisdiction to order the sale upon a bill praying for the same based upon the court's jurisdiction to order a sale to satisfy a prior decree of the court finding that the estate was indebted to such an administrator and guardian.

3. *Same; Expenditures Without Previous Order; Allowance.*—The chancery court has judicial discretion to appropriate the corpus of an estate for the purpose of reimbursing the administrator for the expenditure of money in the settlement of the estate which the court would have authorized if application had been made therefor.

4. *Same; Order of Sale.*—Where a decree had been formerly rendered allowing an administrator and guardian a certain sum for his services and authorizing him to hold the property of the estate pending further orders of the court the entire estate being within the jurisdiction of the court it was authorized, on proper allegations and evidence that the personal property was not sufficient to pay the debt and that it would be to the interest of the estate to sell the real estate or a portion there of, to order a sale of said real estate.

5. *Same; Pleading; Defect of Parties; Demurrer.*—Objections going to the bill because it did not state which of the parties were married women and because J., a minor, should have been made a party must be raised by demurrer or some other pleading or motion in the lower court to be taken advantage of on appeal.

6. *Same; Order of Sale; Income.*—It is no objection to an order for the sale of real estate by an administrator to satisfy a decree

[Johnson v. Porterfield, et al.]

previously rendered that it did not appear that the rents collected were insufficient to pay the debts as there was no showing that any rents were collected.

7. *Same; Removal of Guardianship; Chancery Court; Jurisdiction.*—The fact that the guardianship proceedings were not removed from the probate court to the chancery court when the administration was so removed did not deprive such court of jurisdiction to ascertain the amount due from said estate to the administrator as guardian, where it appeared that the court ordered petitioner to file his accounts and vouchers for a final settlement in his dual capacity as administrator and guardian and allowed for his services $300 as administrator and $300 as guardian, and directed a sale of the real estate to pay the same.

8.__*Equity; Taking Depositions; Notice to Party in Default.*—The party who suffers a decree pro confesso is not entitled to notice of the taking of depositions and cannot raise any question as to the legality thereof.

9. *Administrators; Sale of Real Estate; Orders.*—It was no objection that the court ordered all of the real estate to be sold where it appeared by allegation that it was necessary to sell the real estate in order to satisfy the previous decree of the court and such allegations was uncontroverted and no attempt was made to show that a sale of a portion of the real estate would be sufficient.

10. *Same; Ascertainment of Debts.*—It was no objection that the previous decree for which a sale of the lands was sought to satisfy did not ascertain all the debts of the deceased.

APPEAL from Butler Chancery Court.

Heard before Hon. W. L. PARKS.

Proceeding by J. R. Porterfield, as administrator, of Martha Calloway, deceased, for the sale of decedent's real estate to pay debts, etc., in which Frank Johnson filed objections. From an order overruling such objections, Johnson appeals. Affirmed.

MARTIN & MARTIN, for appellant.—If the petition of Porterfield be classed as a bill by him, then section 747, Code 1896, requires proof to sustain it, and if, on the other hand, the application be referred to section 158, et. seq., Code 1896, then section 164 required the application to be proved by the depositions of disinterested

witnesses. · The ex parte affidavits on which this case is tried are in no sense depositions.—*Poole v. Daughdrill,* 129 Ala. 208; *Miller v. Mayor,* 124 Ala. 434; *Quarles v. Campbell,* 72 Ala. 64; *McDonald v. Mobile County,* 56 Ala. 468. A decree pro confesso does not dispense with the necessity for a note of testimony in a case where the complainant is· not entitled to relief on the decree pro confesso.—*Jones v. Beverly,* 45 Ala. 161; *Tatum v. Wahn,* 130 Ala. 575.

The decree of sale was erroneous for the following reasons: The will of Martha Calloway authorized the executor thereof to sell the whole or any part of the real and personal property of the estate and such power passed to, and may be exercised by, the administrator. —Code, § 1060; *McCollum v. McCollum,* 33 Ala. 711; *Brock v. Frank,* 51 Ala. 85; *Conference v. Price,* 42 Ala. 39, 45; *Sullivan v. Lawler,* 72 Ala. 74; *Watson v. Martin,* 75 Ala. 506; *Pratt v. Robertson,* 140 Ala. 584, 589. The indebtedness to Porterfield ascertained by the decree of July 11th, 1904, was not a debt of the decedent and, therefore, the court could not order the sale of the lands for its payment.—*Bolen v. Hoven,* 39 So. 379; *Taylor v. Crook,* 136 Ala. 354, 373, 375; *Beadle v. Steel,* 86 Ala. 413; *Trimble v. Fariss,* 78 Ala. 260. The administrator Porterfield having been authorized by the decree of July 11th, 1904, to retain possession of the property of the estate and to receive the rents, etc., until his indebtedness was paid, was an election on his part to receive and accept such decree as satisfaction of his indebtedness, and the property could not thereafter be sold for its payment.—*Kornegay v. Mayer,* 135 Ala. 141; *Trimble v. Fariss,* 78 Ala. 260; *Beadle v. Steel,* 86 Ala. 413. The petition of Porterfield, the administrator, was defective for the failure to state which of the heirs are married women.—*Poole v. Daughdrill,* 129 Ala. 208, 212. The petition failed to make a party defendant one of the minor heirs, viz., Bertha Johnson, and· the petition was, therefore, defective and such defect may be taken advantage of on appeal.—*Langley v. Andrews,* 132 Ala. 147; *Gale v. Johnson,* 80 Ala. 395, 398; *McMullen v. Brazelton,* 81 Ala. 442; *McConico v.*

*Cannon*, 25 Ala. 462; *Gould v. Hays,* 19 Ala. 438. The order of sale was erroneous, for that there was no proof of the amount of the rents, etc., received by the administrator since the rendition of the decree on July 11th, 1904.—*Miller v. Mayer,* 124 Ala. 434; *State v. Williams,* 131 Ala. 56. The order of sale was erroneous, for that the property described in the petition was ordered to be sold in bulk, when only so much property should be sold as is necessary to pay the debts proven.—*Miller v. Mayer,* 124 Ala. 434; *Brock v. Berry,* 132 Ala. 95.

POWELL & HAMILTON, for appellee.—The chancery court was well within its jurisdiction when it decreed reimbursements of the appellee for moneys paid out by it in excess of the money in assets received by him from the estate of the lunatic and of the deceased.—*Bellamy v. Thornton,* 103 Ala. 408; *Bailey v. Mundin,* 58 Ala. 104; *Teague v. Corbett,* 57 Ala. 529; *Street v. McCurdy,* 104 Ala. 493. The chancery court must of necessity have decided that the expenditures of Porterfield were proper and to the interest of the lunatic in her lifetime and to the interest of her legal heirs after her death, and if a chancellor decides that a fact exists, then it must be so taken.—*Jordan v. Harden,* 131 Ala. 72; *Mc-Dougal v. Dougherty,* 39 Ala. 422. After a decree pro confesso has been taken, testimony may be taken ex parte.—*Atkinson v. Atkinson,* 17 Ala. 256; *Jordan v. Jordan,* 17 Ala. 466. Counsel discuss other assignments of error but cite no authority.

SIMPSON, J.—From the record in this case it appears that J. R. Porterfield, the principal defendant, was guardian of Martha Calloway, who was non compos mentis; that after her death he also became administrator cum testamento annexo of her estate; that on June 12, 1902, appellant, Frank Johnson, filed a bill in the chancery court of Butler county against said Porterfield and other defendants, in which said Johnson claimed to be an heir of said Martha Calloway. Said bill as originally filed, sets out the will of Sheridan Calloway (husband of Martha, who died before his said

[Johnson v. Porterfield, et al.]

wife died), attaches a copy as an "exhibit," and describes a number of parcels of property in which it is stated that said husband and wife each owned a half interest. It alleges, also, that Porterfield, as administrator of Sheridan Calloway, had attempted to convey certain parcels of said property; that he had not filed a correct inventory; that he had attempted to make a settlement between the estate of Sheridan Calloway and the estate of Martha Calloway, the lunatic of whom he was guardian, etc. It then alleges the death of said Martha T. Callowey, sets out a copy of her will, and claims that she was non compus mentis when the same was executed, etc. The prayers of said original bill are: (1) That the will of said Martha T. Calloway be annulled; (2) that the estate of said Martha T. Calloway be removed from the probate into the chancery court; and (3) for general relief.

An "amended bill" was subsequently filed, alleging that Martha T. Calloway, at the time of her death, was the owner of the property described; that Porterfield was appointed administrator of her estate with the will annexed; that all of the legatees under her will died befor she died, and that the legacies thus became lapsed; that Porterfield had failed to file inventories, accounts, and vouchers as required by law; that complainant is entitled to the proceeds of the estate of his said sister, Martha T. Calloway—and the prayers are: (1) That her estate be removed into the chancery court; (2) that the court order an accounting between complainant and said Porterfield as administrator; and (3) for general relief. Before any answer was filed to either the original or amended bill, an amendment to the amended bill was filed, which states that complainant "amends his amended bill of complaint so that the same shall read as follows," and at the close of it states, that "complainant amends his said amended bill of complaint, so that the following shall constitute the entire bill, prayers thereto, and footnote, and in lieu of his said amended bill of complaint, and he amends his said bill, as amended on the 19th day of October, 1903, by striking out the names of all the parties defendant not named in

the foregoing amendment, and strikes out all facts and statements contained in the original bill and in the amendment thereto filed in the cause on the 19th day of October, 1903, not alleged in the foregoing amendment."

So it is clear that this last amendment is a substitute for all that had gone before, and was the only bill before the court. This bill alleges the declaration of lunacy of said Martha T. Calloway on October 13, 1899, the appointment of Porterfield as her guardian, his qualification, the death of said ward February 25, 1902, the execution of her will and its due probate, the appointment of Porterfield as her administrator with the will annexed and his qualification, and that he has never made any final settlement either as guardian or administrator. It then sets out the second item of the will of Martha T. Calloway, leaving her property to her husband for life, and after his death to her brother, Wesley Johnson, her sister, Caroline Johnson, and her stepdaughter, Carrie Herbert, wife of William Herbert, their heirs, executors, administrators, and assigns, and alleges that all of said legatees died before said Martha, so that said legacies lapsed, and that the estate of said decedent belongs to complainant (her brother), the children of Wesley Johnson, who are Lizzie Morgan, Josephine Johnson, Martha Dennis, Joe Johnson, and Annie Johnson; also that Caroline left no children, and complainant is entitled as an heir of said Martha T. Calloway to one-half of her estate, and said children of Wesley Johnson to the other half. He makes said Porterfield and all of said persons parties defendant, and prays that the estate be moved into the chancery court; that Porterfield, both as administrator and as guardian, be requested to file his accounts and vouchers with the register; and that the register state the accounts.

All of the defendants answer, confessing the allegations of the bill, and Porterfield says that he has made partial settlements, but will be glad to make final settlement. A decree was rendered in accordance with the prayer of the bill, and the register ordered to give the usual notice before stating the accounts. The solicitors for all of the parties then signed an agreement to the

effect that, in accordance with previous partial settlements, there is due said Porterfield $300 as administrator and $300 as guardian of Martha T. Calloway, and that the same be so reported by the register and decreed by the chancellor. This agreement states in the body of it that it is also signed by "A. E. Gamble, as guardian ad litem for Bertha Johnson, a minor"; but it is not signed by such person. The register made his report accordingly, and on July 11, 1904, the chancellor rendered a decree affirming the report of the register, decreeing that said amounts were due said Porterfield, that he be reimbursed the same out of the assets of the estate of said Martha T. Calloway, "and that for that purpose he is authorized and directed to retain and hold the assets of said estate, both real and personal, under the directions and orders of this court, until he be reimbursed for the amount ascertained to be due him, subject to such further orders in reference to the same as may be made by this court."

While the original case was still standing on the docket "subject to such future orders, in reference to the same, as may be made by the court," said J. R. Porterfield, as administrator and as guardian, files his petition, setting out the previous proceedings, alleging that the personal property of said estate is wholly insufficient to pay the amount found due petitioner by the previous decree of the court, and that it is impossible for him to reimburse himself unless the court will decree a sale of the real estate for the purpose of paying the same, and the prayer is for a decree ordering said sale of the real estate described. The defendants Joe Johnson, Josephine Johnson, Annie Johnson, Lizzie Morgan, and Martha Dennis admit the allegations of the bill. A decree pro confesso was taken against Frank Johnson, testimony was taken, and a decree rendered granting the prayer of the petition and ordering the land described to be sold by the register, in accordance with law, to the highest bidder, all of which is to be reported to the court. From this decree the appeal now before the court is taken by Frank Johnson.

[Johnson v. Porterfield, et al.]

The first proposition insisted upon by the appellant is that the decree is erroneous because the will of Martha T. Calloway authorized the executor to sell the lands, and, that being the case, the chancery court was without jurisdiction to decree the sale of the same. From the history of the case, hereinbefore given, it will be seen that, while the original bill as filed in the chancery court set out the will of Martha T. Calloway, yet afterwards there was filed an "amended bill" (not merely an amendment to the bill), setting forth an entirely different theory for recovery and not making any allusion to the will of said Martha Calloway. Then another amended bill was filed, and, in order to make more clear the purpose of abandoning all of the allegations in the original and amended bills, it makes specific allegations to that effect; so that all that was before the court, and consequently, all that is before this court now, was and is simply the last amended bill, which does not set out the will of Martha T. Calloway in any way, but merely recites one paragraph of it, which has no relation at all to the powers of the executor or administrator with regard to the sale of real estate. This being the condition of the record, and the court having jurisdiction of the subject-matter and the parties, having previously decreed that said estates were indebted to said Porterfield, and authorized him to reimburse himself out of the assets of said estates, and also specifically provided that all matters in regard to the same were subject to the further orders and decrees of the court, the question as to what powers were conferred by said will is not before this court, but simply the question whether the court, after having decreed that the trust estate is indebted to the administrator and guardian, can, upon a showing that there is no other way of satisfying said indebtedness, order the trust property to be sold for the purpose of satisfying that decree. It is a clear proposition, under our decisions, that it is within the judicial discretion of the chancery court to appropriate the corpus of the trust estate to the reimbursement of the administrator or guardian for expenses in and about the trust estate which he had in-

curred in matters which would have been authorized by the court if previous application had been made therefor.—*Bellamy v. Thornton,* 103 Ala. 404, 408, 409, 15 South. 831; *Bailey v. Mundin,* 58 Ala. 104, 108; Perry on Trusts, § 458.

It may be noted that the appellant contends, first (as above stated), that the will of Martha Calloway authorized the executor to sell, and that therefore the chancery court could not decree a sale, and then makes his second contention that the debt involved in this case was not the debt of the decedent, and, therefore, the court had no authority to order the sale. If it be true that the will authorized the administrator to sell the property in order to pay the debts of the testatrix, and that the amounts for which the decree was rendered did not come entirely within that provision, it only shows more clearly that it was a matter to be provided for by the exercise of the powers pertaining to a court of equity, and, however that may be, the court certainly had the power to make its own decree effective by ordering the sale of the property. There is nothing in the decree to show that Porterfield was given the right to elect to keep the property indefinitely until his debt was paid, and no evidence that he did so elect. The decree simply authorized him to hold the property (as he would have done without any mention of it) until the further orders of the court, and even if the decree had authorized him to hold the property until he was reimbursed, yet the entire estate was still before the court, and upon a proper showing to the effect that the income was not sufficient to reimburse the debts, and that it would be to the interest of the estate to sell the property or a portion of it, it cannot be doubted that the court could order such sale. The facts that the petition of Porterfield in this case was defective, because it did not state which of the parties were married women, and also because one, Bertha Johnson, a minor, should have been made a party, were matters which may have been brought up by demurrer, or by some pleading or motion by the parties affected thereby. The appellant in this case cannot make these matters a cause for reversing the case. In fact, there is no pleading or evidence

showing who Bertha Johnson is, or that she has any interest in the estate.

It is next insisted that the order of sale is erroneous, because it is not proven what rents have been collected and what the balance due the administrator and guardian is. There is nothing in the evidence to show that any rents have ever been collected. The decree stands as proof that the amounts therein named are due, and, if there should be any credits thereon, they might have been brought forward by the testimony. We cannot presume that there are any credits, in the absence of proof. But, however that may be, the order is merely for the sale of the property, and all these matters will come up on the final settlement, which will have to be made by Porterfield.

There is no force in the contention that the guardianship of Porterfield as guardian of the lunatic, Martha T. Calloway, was not removed into the chancery court, so that the court was without jurisdiction to ascertain the amount due by him as guardian. Porterfield was first guardian of the lunatic, and after her death became administrator of her estate, and the very ground of removal was that he occupied the dual relation in regard to the same estate. The evident purpose of the bill was to bring the whole matter into the chancery court, in order that a settlement might be made both of the guardianship and the administration, and the decree orders said Porterfield, both in the capacity of administrator and of guardian, to file his accounts and vouchers for a final settlement. So the entire matter was before the chancery court.

As to the items which went to make up the two sums of $300 each, that matter was agreed on between the parties and was passed upon by the court when the former decree was rendered. The merits of that decree are not before the court now, except as to the matter of its jurisdiction to render the decree. For the same reason, the question whether the claims were presentd does not arise.

The defendant Johnson is not in a position to raise any question about the regularity of the taking of the

depositions of Porterfield and Dohomier. He suffered a decree pro confesso to be taken against him, and was not entitled to notice. The other parties to the case waived all formalities, and the depositions were taken, and no exceptions taken.—*Attkisson v. Attkisson*, 17 Ala. 256; *Jordan v. Jordan*, 17 Ala. 466; Chancery Practice Rule 61, Code 1896, p. 1214.

It is next claimed by appellant that the court erroneously ordered all of the real estate to be sold. The petition alleges that it is necessary to sell the real estate in order to satisfy the previous decree of the court. The appellant did not appear to controvert that allegation, nor to show that a sale of a portion of it would be sufficient. The other defendants admitted the allegations of the petition. There was no proof showing or tending to show that any part of the real estate less than the whole would probably produce an amount sufficient to satisfy said decree. The register's action must be reported to the court and confirmed by it. These being the facts, we cannot hold that the court erred in ordering the lands described in the petition to be sold. The decree does not require the land to be sold in bulk, and on his report of sale if it could be shown that the lands were sacrificed by being sold in bulk, rather than in parcels, the sale need not be confirmed.

It is objected that the decree does not ascertain the debts of the decedent. This is not a proceeding under the statute to subject lands to the payment of debts of the decedent but for the enforcement of a decree previously rendered by it.

The decree of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., Concur.