# Kirkbride, *et al.* v. Kelly, *et al.*

*Bill to Remove Estate from Probate to Chancery Court, and for Other Purposes.*

(Decided June 9, 1910.   52 South. 660.)

1. *Executors and Administrators; Sale of Lands to Pay Debt; Bill; Parties.*—An administrator and an heir cannot be joined as parties complainant in a bill against the other heirs to sell lands of the intestate to pay debts, since their interests are antagonistic.

[Kirkbride, et al. v. Kelly, et al.]

2. *Same.*—The right of an administrator to sell land to pay the debts of his intestate is wholly statutory, and can be maintained by the administrator alone in the manner and on the conditions prescribed.

3. *Same; Authority of Heir.*—An heir cannot maintain a bill for the sale of real estate to pay the debts of the estate.

4. *Same.*—The real estate of the decedent descends to the heirs or devisees and the personal representative of an intestate cannot divest or encumber the title to the real estate save as authorized by the statute.

5. *Courts; Removal of Causes; Concurrent Jurisdiction.*—Where the probate court has first acquired jurisdiction of the administration of an estate, the administrator cannot deprive it thereof on a bill to remove the administration into the chancery court except by alleging and proving some special equitable grounds.

6. *Same.*—The right of the heir, legatee or distributee, to have the administration of the estate removed from the probate to the chancery court without assigning any special equity therefor, does not extend to the administrator, and he cannot obtain that right by joining with him one of the heirs as a complainant.

(Dowdell, C. J., dissenting.)

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by E. B. Kirkbride as administrator of the estate of Mary Ann Kelly. deceased, and another, against William P. Kelly and others, to remove the administration from the probate to the chancery court, and for other purposes. Decree sustaining demurrer to the bill, and complainants appeal. Affirmed.

SULLIVAN & STALLWORTH, and BOYLES & KOHN, for appellant. Where no steps have been taken for final settlement of an estate it may be removed from the probate to the chancery court by an heir, legatee or devisee without assigning any special reasons.—*St. John, et al. v. St. John*, 150 Ala. 237; 5 Mayf. Dig. 241. An administrator of an estate has the right to go into a court of equity to subject the interest of an heir or distributee to a payment of a debt which such heir or distributee owes the estate, and such claim may be enforced in priority to the claims of the creditors of such heir or dis-

tributee.—*Street & Co. v. McCurdy,* 104 Ala. 493; 5 Mayf. 236.

ROACH & CHAMBERLAIN, for appellee. There was a misjoinder of parties.—*Chandler v. Winn,* 85 Ala 309. No relation of privity existed between the parties complainant.—*Teague v. Corbett,* 57 Ala. 543. The administrator can exercise no authority over lands of his decedent except as directed by the statute.—*Martin v. Williams,* 18 Ala. 190; *Chighizola v. LeBaron,* 21 Ala. 406; *Steele v. Steele,* 65 Ala. 455. Until exercised, or steps taken looking to its exercise, the right of the heir is not inturrupted.—*Lewis v. Butler,* 8 Port. 380; *Masterson v. Girard,* 10 Ala. 60; *Branch Bank v. Fry,* 23 Ala. 770; *Anderson v. McGowan,* 42 Ala. 280.

MAYFIELD, J.—Appellants—one, the administrator of the estate of Mary Ann Kelly, the other, an heir of said decedent—file this bill in equity against the other heirs and a mortgagee of the land in question, to remove the administration of the estate from the probate court to the chancery court, and to sell the lands of such estate for the payment of the debts of the decedent, and to charge the interest of one of the heirs, Peter Kelly, with his indebtedness due the estate. Peter Kelly demurred to the bill as amended, on the grounds: (1) That there was a misjoinder of complainants; (2) that no facts were alleged to show a necessity for the removal of the administration into the chancery court; (3) that no necessity is shown to sell the lands to pay debts; and (4) that it is shown that it is not necessary to sell all the lands to pay debts. Some of these grounds are set up in varying forms. The court sustained the demurrer, and from that decree this appeal is prosecuted.

The first ground of demurrer was unquestionably well taken. The interest of an administrator and that of an heir, in a proceeding to sell the lands of the intestate to pay debts, are so antagonistic, that they cannot be joined as complaints in a bill against the other heirs. The administrator may maintain a bill to sell the lands for such purposes, but he can do so only because the statute authorizes it, and he alone must do so, in the manner and only on the conditions mentioned in the statute. The statute does not authorize the heir to maintain such bill, nor to join with the personal representative in such proceedings.

The following propositions important to the questions raised on this appeal, have been frequently decided by this court, and they are cited by counsel for appellee in this case:

"Land descends to the heirs, and, every step that the personal representative takes in regard to it, he interferes with their rights; all the power the statutes give him over the land is in the interest of the creditor, and is in antagonism to the rights of the heirs at law."— *Chandler v. Wynne*, 85 Ala. 309, 4 South. 653.

"Between an administrator or an executor, and the heir or devisee, no relation of privity exists, and the real assets cannot be bound by any admission or acknowledgment made by the personal representative."—*Teague v. Corbitt*, 57 Ala. 543.

"Real estate, though made subject to debts by our statutes, in the absence of testamentary direction, stands on a very different footing from personal property. The title is never in abeyance, but, on the death of the ancestor, descends instantly to the heir or devisee; true, the personal representative may demand and hold possession, and exercise the statutory power of renting, and even selling it for the payment of debts, but it is a mere

power—a bare authority—and must be executed as the statute directs.—*Chighizola v. Le Baron*, 21 Ala. 406; *Martin v. Williams*, 18 Ala. 190.

"Until exercised, or steps taken looking to its exercise, the right of the heir is not interrupted."—*Masterson v. Girard*, 10 Ala. 60; *Branch Bank v. Fry*, 23 Ala. 770; *Leavens v. Butler*, 8 Port. 380; *Anderson v. McGowan*, 42 Ala. 280; 1 Brick. Dig. 939, § 351.

From these premises, it results that the personal representative can do nothing save as the statute gives him authority to divest or incumber the title to the realty which descends to the heir or devisee.—*Steel et al. v. Steel's Admr.*, 64 Ala. 455, 38 Am. Rep. 15.

There is no statute authorizing the heir to invoke the jurisdiction of a court to sell the lands of an estate for the payment of debts, and so Ruby Kelly should not be joined as complainant in the bill praying for the sale of the lands for the payment of debts. Ruby Kelly has no right to have the lands sold for the payment of the debts of the deceased, and therefore, one of the complainants having no right to recover, the other complainants cannot recover.

The second, third, and fourth grounds of demurrer are practically based on the same idea; that is, that no special equity jurisdiction is shown authorizing the chancery court to entertain this suit. It is shown in the bill that the administration of this estate is pending in the probate court. The probate court having first acquired jurisdiction of the subject-matter and of the parties, it cannot be deprived of that jurisdiction by the chancery court, except on some special equitable ground, and this equitable ground must be one shown by the administrator in his bill, and the administrator shows no such ground in this bill.

[Southern Railway Company, et al. v. Jones Cotton Co.]

The appellants insist that a distributee of an estate, or an heir or legatee, may, without assigning any reasons therefor, have the administration removed to the chancery court. While this is true of a bill filed by the heirs or distributees, it is certainly not a right which the administrator can take advantage of, but is a right on the part of the heirs or distributees which ordinarily is against the interest of the administrator, and usually exercised by an heir when he is dissatisfied with the administrator's conduct of the administration in the probate court. The fact alone, that the administrator joins one of the heirs with him, does not give to the administrator any equitable ground for removing the administration into the chancery court.

The averments of the bill must be good as to both of the complainants, or the bill is demurrable.

It follows that the decree of the chancellor must be affirmed.

Affirmed.

SIMPSON, ANDERSON, SAYRE, and EVANS, JJ., concur. DOWDELL, C. J., dissents.