## Reynolds' Estate.

*Decedents' estates—Judicial sale of real estate—Purchase by tenant in common—Validity of title.*

Certain real estate belonging to a decedent's estate held by the widow and collateral heirs by tenancy in common, was sold at a judicial sale after proceedings to which the widow was not a party, and purchased by a third person who was an entire stranger to the estate, and represented no one interested therein. A short time thereafter the latter sold and conveyed the premises to the widow, who remained in possession until her death, after which the property was sold by her legal representatives. The collateral heirs, former cotenants in common, claimed to participate in the fund so produced. *Held,* that the claimants had no standing to come in on the fund.

Argued Jan. 7, 1913. Appeal, No. 235, Jan. T., 1912, by George W. Cogley, et al., from decree of O. C. Phila-

delphia Co., Oct. T., 1907, No. 437, dismissing exceptions to adjudication in Estate of Mary J. C. Reynolds, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before LAMORELLE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the action of the court in dismissing exceptions to the adjudication.

*Samuel H. Kirkpatrick,* for George W. Cogley, et al., appellants.

*Joseph T. Bunting,* for Fidelity Trust Company, Surviving Executor, &c., et al., appellees.

*Preston K. Erdman,* for Children's Homœopathic Hospital, appellee.

OPINION BY MR. JUSTICE STEWART, February 24, 1913:

The party whose estate is being distributed had been at one time tenant in common with the appellants with respect to the real estate out of the sale of which the present fund arises; the former as widow of an intestate husband, who had died seized of the premises, leaving no issue, the latter as his collateral heirs. This relation continued for a year or more, when in 1879 the real estate, situated in the State of New Jersey, was sold at judicial sale, subject to the widow's dower right therein, to meet the debts and engagements of the party who had so died seized. What was there sold was the interest of these appellants in the property, they being the only parties against whom the process issued, as the heirs at law of the deceased. The sale terminated the tenancy in common. The purchaser was an entire stranger to the estate, and represented no one interested therein. Within a short time thereafter he sold and conveyed the

entire premises to the widow, who remained in possession and occupancy of the premises until her death in 1907, when it was sold by her legal representative, producing the fund now being distributed. It is the contention of appellants that while the widow—here the decedent whose estate is now being distributed—acquired the legal title from the purchaser at the judicial sale, yet because of the community which had previously existed between the original cotenants, she being one, she held it only as security for whatever advances she made in the purchase of the property; and that therefore they are entitled to participate in the fund now in court. The contention overlooks the fact above stated that the judicial sale extinguished absolutely the cotenancy. All the estate and interest of the appellants passed by such sale to said purchaser, who stood in no relation of trust or confidence to any former owner. A title acquired through such purchase, no matter by whom, even if it should be a former cotenant of the property, would be wholly unaffected by the fact of the previous cotenancy. The auditing judge has found as a fact that the widow was not a party to any of the proceedings that led up to the judicial sale of the property, and that there was no evidence in the case that the purchaser at such sale purchased for or on behalf of the widow, or pursuant to any agreement or understanding that she should have a right or option to purchase from him. There is no exception to this finding. It is unnecessary to distinguish between the present case and those cited in support of appellants' contention, except to say that this was not an outstanding adverse title that the widow acquired, but the identical title by which appellants had held as tenants in common. So far as appears she was a bona fide purchaser; and at the time of her purchase, appellants being without estate in the land, no duty rested upon her with respect to them. Appellants have shown no standing that would entitle them to participate in the fund in court.

The assignments of error are overruled, and the appeal is dismissed.