Jones, Appellant, *v.* McConnell.

Argued September 28, 1962.   Before BELL, C. J., MUSMANNO, JONES, EAGEN and O'BRIEN, JJ.

*Marquis M. Smith,* with him *Smith, Smith & Herrington,* for appellants.

*Robert W. Smith, Jr.,* with him *Smith, Best and Horn,* for appellees.

OPINION PER CURIAM, January 8, 1963:

These appeals are from an order sustaining preliminary objections in the nature of a demurrer to a complaint in equity. The ruling was correct.

Giving the plaintiff the benefit of all properly pleaded facts, as we must for the purposes of these appeals, no cause of action was set forth.

The deed from the plaintiff to the Commonwealth Real Estate Company for the land involved, without limitation as to use, was a complete, valid conveyance in fee simple, which effectively extinguished, absolutely and immediately, the tenancy in common. The subsequent conveyance by the Commonwealth Real Estate Company to the County of Allegheny did not render this initial conveyance a nullity. The cotenancy having ended, one of the former cotenants was not precluded from subsequently reacquiring title to the land or a portion thereof. See *Reynolds' Estate*, 239 Pa. 314, 86 A. 858 (1913).

Further, if the County of Allegheny exceeded its legal powers in acquiring title to the land involved, this is a matter between the county and the Commonwealth of Pennsylvania and the Commonwealth alone may question the county's want of legal capacity. See, McQuillin, Municipal Corporations, §28.21 (3d ed. 1950); *City of Champaign v. Harmon*, 98 Ill. 491 (1881); *Chambers v. City of St. Louis*, 29 Mo. 543 (1860).

Order affirmed. Costs upon the appellant.

Mr. Justice KEIM took no part in the consideration or decision of this case.